## N. Y. COMMON PLEAS.

CHARLES DUSENBURY, appellant, agt. WILLIAM S. KIELLY,
as receiver and respondent.

*False imprisonment — when action for will lie — Statute of limitations —
when begins to run in action for false imprisonment, and when action
barred.*

An action for false imprisonment will lie for, and immediately upon, an
illegal arrest.

Consequently, the statute of limitations begins to run from the time of
such illegal arrest, and the cause of action therefor is barred at the
end of two years from such arrest, although the proceedings in which
the arrest took place are continued within the two years.

*First Department, General Term, January, 1880.*

ON the 14th of November, 1876, upon the application of
the defendant, Mr. justice SPEIR, of the superior court,
issued a warrant under what is commonly called " The Stil-
well act," for the arrest of the plaintiff, and on the 15th of
November the sheriff arrested the plaintiff, and produced him
in court.

The counsel for the plaintiff objected to the regularity of
the proceedings, the jurisdiction of the judge, and the suffi-
ciency of all papers, and also gave the recognizance and bond
as required by said act; and such proceedings were thereupon
had, that in February, 1877, an order was made by said judge
vacating and setting aside said warrant, and exonerating the
bail from liability.

Thereupon the cause was, upon application of the defend-
ant, removed by *certiorari* to the general term of the supreme
court, which court, on the 15th day of October, 1877, reversed
the said order of judge SPEIR, and remitted the matters to
said judge to be further proceeded with.

On the 7th day of January, 1878, Mr. justice SPEIR made
an order making the order of the general term of the

supreme court the order of the superior court, and directing the plaintiff to appear under the said original warrant and requiring his bail then and there to produce him.

As requested by said last mentioned order, the plaintiff voluntarily appeared, and such proceedings were thereupon had that an order of commitment was issued by Mr. justice SPEIR against the plaintiff.

Whereupon the plaintiff removed the proceedings by *certiorari* to the general term of the supreme court, who affirmed the last mentioned order of Mr. justice SPEIR.

The plaintiff then appealed to the court of appeals, and the court of appeals ordered and adjudged that the order of the general term of the supreme court and the warrants of Mr. justice SPEIR and all proceedings had thereunder be vacated and set aside, upon the ground and for the reason that said justice never had any jurisdiction in the matter.

The judgment of the court of appeals was made the judgment of the supreme court, May the 28th, 1879, and the warrant and all subsequent proceedings thereunder vacated and set aside.

This action to recover damages for false imprisonment was commenced July the 7th, 1879.

The court below held that the statute of limitations ran against the claim, more than two years having elapsed since the first arrest. From this judgment plaintiff appeals.

*Hall & Blandy*, of counsel for appellant.

*D. M. Porter*, of counsel for respondent.

VAN BRUNT, *J.*—When we consider the distinction between an action for false imprisonment and one for malicious prosecution, all difficulties in the solution of the question presented by this appeal seem to be removed.

An action for false imprisonment will lie where there is an imprisonment without any process, wholly illegal, without

Dusenbury agt. Kielly.

regard to the question whether any crime has been committed or debt due.

An action for malicious prosecution will lie where there has been an arrest made at the instance of a prosecutor in a criminal proceeding, or a plaintiff in a civil suit, without probable cause, by a regular process, and proceedings which the facts did not warrant, as appears by the result.

The words "as appears by the result," make the essential difference between actions for false imprisonment and those of malicious prosecution.

An action for malicious prosecution will not lie until there has been a determination in the proceedings in which the arrest was made that the facts did not warrant the arrest.

An action for false imprisonment accrues the instant the imprisonment takes place, and becomes complete the moment the imprisonment ceases. In the one case, jurisdiction was had of the subject-matter and the person by the officer issuing the warrant; in the other, the officer never had jurisdiction to issue the process if the warrant was under process.

The plaintiff in this action, claiming that his arrest was under a process wholly illegal, brought this action, as his counsel claims, for false imprisonment.

There was no imprisonment of the plaintiff after he was released upon the giving of bail.

His subsequent appearance was wholly voluntary. The defendant imposed no restraint whatever upon him. His bail could not have been held liable if he had failed to appear (*Brodhead* agt. *O'Connell*, 3 *Barb.*, 175), because the judge issuing the warrant had never acquired jurisdiction, and this defense could have been set up in an action upon the bond and would have prevented any recovery. Therefore his only cause of action rested upon the imprisonment at the time of the execution of the original warrant.

The judge issuing that warrant having never acquired any jurisdiction in the matter, it was never any protection to the party at whose instance it issued.

If the facts proved had shown a cause of action for malicious prosecution, then an entirely different rule would have prevailed. No cause of action would have arisen until it had been finally determined that the facts did not warrant the arrest.

I am of the opinion, therefore, that the statute of limitations was a defense to this action, and that the judgment appealed from should be affirmed.