## JAMES L. VAN INGEN, RESPONDENT, *v.* JOHN P. SNYDER, APPELLANT.

*False imprisonment — when a right of action therefor accrues — when it is barred by the statute of limitation — Code of Civil Procedure, § 384.*

August 5, 1876, the plaintiff having been adjudged guilty of a contempt, in proceedings supplementary to execution, was imprisoned upon an order of the county judge, fining him and committing him to jail; on August tenth he gave an appeal bond, and was released. On January 25, 1877, the order of the county judge was reversed, and on January 9, 1879, this action for false imprisonment was commenced.

*Held*, that the right of action accrued upon his release, upon giving the appeal bond in August, 1876, and that the action was barred because not commenced within two years from that time.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for a false imprisonment of the plaintiff under an order of the county judge of Schenectady county, made in proceedings supplementary to execution instituted upon a judgment against the plaintiff herein, which had been recovered by the defendant. The order of the county judge was made on an adjudication that plaintiff had been guilty of a contempt.

*Chapman & Lyon,* for the appellant.

*J. H. Clute,* for the respondent.

LEARNED, P. J.:

The only question on the merits is whether the action was barred by the statute of limitations.

An order was granted by the county judge August 5, 1876, fining the plaintiff and committing him to jail. Upon that he was imprisoned. On the 10th day of August, 1876, he gave an appeal bond, and by virtue thereof was on that day released. On the 25th day of January, 1877, the General Term reversed the order of the county judge. The present action for false imprisonment was commenced January 9, 1879. The defendant insists that it was barred because not commenced within two years from August 10, 1876. (Old Code, § 93; New Code, § 384.) The plaintiff insists that the cause of action did not arise until the reversal of the order January 25, 1877.

The case of *Brown* v. *Crowl* (5 Wend., 298), cited by plaintiff, holds simply that false imprisonment will not lie against a plaintiff who procures an erroneous judgment in Justices' Court, for the reason that the judgment is a protection to the party. The case of *Chapman* v. *Deyett* (11 Wend., 31), also cited by plaintiff, is substantially to the same effect.

These cases, so far as they apply here, would tend to hold that no action whatever would lie against the defendant on the ground that

the order of the county judge protected him. But that position is not taken by the defendant on this argument. Undoubtedly after the order had been reversed, it would no longer be a protection, if it had been a protection before. But the question when the defendant became liable to an action (if he was liable at all) did not depend on the subsequent reversal of the order. This is not an action for malicious prosecution. But the right of action (if any there was) began when the actual imprisonment ceased. (*Dusenbury* v. *Keiley*, 8 Daly, 537.)

The plaintiff insists that after his discharge on appeal he was still at the mercy of his bondsmen. Whether sureties on an appeal from an order have the rights of bail on an arrest upon *mesne* process, we need not inquire. In fact the plaintiff was not imprisoned by them.

A point is made as to the sufficiency of the notice of appeal. By a mistake it speaks of a judgment, although none had been entered, but it refers to the decision denying a new trial and may fairly be construed to read that the defendant appeals from the judgment and the decision denying a new trial. The meaning is apparent.

The order denying a new trial should be reversed.

BOCKES, J., concurred.

BOARDMAN, J.:

I concur, and as no recovery can be had if this opinion is sound, judgment absolute should be given for defendant.

Judgment and order reversed and new trial granted, costs to abide event.