MRS. IRENE HOFFMAN v. CLINIC HOSPITAL, INCORPORATED, AND FREDERICK L. WALKER.

(Filed 25 May, 1938.)

1. **False Imprisonment § 1—**

Involuntary restraint and its unlawfulness are the two essential elements of false imprisonment, and such restraint may be caused by threats as well as by actual force, but such threats must be sufficient to induce a reasonable apprehension of force.

2. **False Imprisonment § 2—Evidence held insufficient to show express or implied force sufficient to sustain action for false imprisonment.**

Evidence that the manager of a hospital told plaintiff, a patient in the hospital, she could not leave until she had paid her bill, that she remained there a short period of time, believing she could not go, but then left, nevertheless, in the hospital's wheel chair without any force or show of force being offered to prevent her going, *is held* insufficient to show an express or implied threat of force, and defendant hospital's motion to nonsuit was properly granted.

APPEAL by plaintiff from *Hill, Special Judge,* at February Term, 1938, of GUILFORD. Affirmed.

*Robert A. Merritt and J. A. Kleemeier, Jr., for plaintiff.*
*Sapp & Sapp for defendant Clinic Hospital, Inc.*

PER CURIAM. The plaintiff instituted her action against the Clinic Hospital, Incorporated, and Frederick L. Walker, its manager, to recover damages for false imprisonment or unlawful detention of her person in the hospital. At the close of the evidence motion for judgment of nonsuit as to the defendant hospital was allowed and the action as to it dismissed. Judgment was entered against defendant Walker, but no appeal was taken. It is admitted that the defendant Clinic Hospital, Incorporated, is a charitable hospital operated not for gain but for benevolent purposes.

The plaintiff testified that she entered the hospital for treatment on 7 December, 1937. She said: "I planned to go home on Tuesday, 14 December. He (Mr. Walker) came to my room and talked to me

about the bill. I told him I did not have the money and he said that I could not leave the hospital until the doctor's bill and the hospital was paid in full. . . . Mr. Walker came to my room on Thursday, 16 December. Mr. Walker said he would not let me go home until the bill was paid. As a result of Mr. Walker's statement at this time in my room I did not go home." Witness testified that she had been advised by her physician that she could go; that she was too weak to walk and had to be taken out in a wheel chair. "By reason of Mr. Walker's advice given on Wednesday and Thursday I did not think I could go. I thought by what Mr. Walker said I could not leave the hospital until the bill was paid. Mr. Walker is manager of the hospital. I did not see him when I left. I did not leave until Thursday night around 9 :00 o'clock. Mr. Walker never did tell me then that I could go, but I went. Mr. Walker said I could not leave, but I did go. No one put their hands on me and no one undertook to restrain me by any kind of force. Nobody touched me and nobody threatened me."

False imprisonment is the illegal restraint of one's person against his will. It generally includes an assault and battery, and always, at least, a technical assault. Involuntary restraint and its unlawfulness are the two essential elements of the offense. Where no force or violence is actually used, the submission must be to a reasonably apprehended force. The circumstance, merely, that one considers himself restrained in person is not sufficient to constitute a false imprisonment unless there is in fact a reasonable ground to apprehend a resort to force upon an attempt to assert one's liberty. To constitute false imprisonment there must be an exercise of force, or express or implied threat of force, by which in fact the person is deprived of his liberty and compelled to remain where he does not wish to remain. The restraint of the person may be caused by threats, as well as by actual force, if the words are such as to induce a reasonable apprehension of force. *Parrish v. Mfg. Co.,* 211 N. C., 7; *Riley v. Stone,* 174 N. C., 588, 94 S. E., 434; *Powell v. Fibre Co.,* 150 N. C., 12, 63 S. E., 159; 11 R. C. L., 791; 25 C. J., 453.

Applying these principles of law to the plaintiff's testimony, it is apparent that neither force nor threat of force was employed to prevent her from leaving the hospital, and though she testified that she thought she could not leave the hospital until the bill was paid, nevertheless, without paying the bill, she departed from the hospital, without restraint by word or act, in the hospital's wheel chair. For these reasons, we conclude that the judgment of nonsuit as to the Clinic Hospital, Incorporated, was properly entered.

Judgment affirmed.