HADLER, Respondent, vs. RHYNER and another, Appellants.

*December 7, 1943—January 18, 1944.*

450

For the appellants there was a brief by *Belmont H. Schlosstein* of Cochrane, attorney for Henry Rhyner, and the *Attorney General* and *William A. Platz,* assistant attorney general, attorneys for Norman H. Guelig, and oral argument by *Mr. Platz.*

For the respondent the cause was submitted on .the brief of *Ingolf E. Rasmus* of Chippewa Falls.

FAIRCHILD, J. The complaint set forth four causes of action: One for false imprisonment in December, 1941; one for slander; one for false imprisonment in February, 1942; and a fourth for negligence. Only two of the separate and distinct causes of action survived the verdict and rulings in the trial court, and those two present the only issues on this appeal. Our first question is one concerning the sufficiency of the evidence on which the jury found that respondent had been imprisoned without warrant of law by the appellants on February 19, 1942. The other is whether respondent's personal injury occurring after her detention ended was caused by the negligence of the appellants.

In this case, under the evidence accepted by the jury, the respondent was compelled to go with appellants to the sheriff's office under the threat of physical force or by the threat of the use of handcuffs. She was questioned in a room, the door of which was. locked. She was not allowed to leave

or use the telephone until appellants released her after eleven and one-half hours. This evidence shows sufficient facts on which to ground a finding of false imprisonment. The acceptance by her at a later time of the fee of a witness, although material as evidence bearing on the question of her voluntary submission to the restraint, does not of itself prevent a recovery for damages sustained by reason of the unlawful restraint. "False imprisonment is defined to be 'the unlawful restraint by one person of the physical liberty of another.' " *Weiler v. Herzfeld-Phillipson Co.* 189 Wis. 554, 557, 208 N. W. 599. A subpœna cannot be disregarded lightly, neither can its observance be enforced by use or by threat of use of physical force. An officer may not disregard the bounds of his authority in following his own exaggerated interpretation of the nature of law enforcement. While the jury did not consider the transgression of respondent's rights of enough consequence to warrant the granting to her of much more than nominal damages, they evidently believed the officers were acting in bad faith when they threatened to place her under arrest and to use handcuffs if she did not accompany them. Vindictive damages may be allowed for an illegal arrest and false imprisonment when bad faith is manifested. *Hamlin v. Spaulding,* 27 Wis. 360. The judgment in respondent's favor on the false imprisonment cause of action must be affirmed.

The other cause of action on which judgment was granted allowing damages was for the alleged negligence of the appellants in their treatment of respondent after her release, causing her to fall on her porch. The jury in its special verdict found the appellants guilty of the negligence charged. The learned trial judge in his decision on motions after verdict, however, says that this cause of action for personal injury on the trip home is really a claim for damages incident to the false imprisonment. This ruling results in a double and confusing consideration of items belonging to different

causes of action, although the court instructed the jury with respect to the false imprisonment as follows : "In assessing compensatory damages for false imprisonment, you should include reasonable compensation for any physical injury done to the plaintiff by the defendant in making such arrest and detention, a reasonable compensation for all loss of time and all such suffering from sense of anxiety, insult, indignity and other injury to feelings, if any, as the evidence shows to a reasonable certainty was the natural result of the arrest and imprisonment in question." The cause of action for negligence was, under the pleading and as a matter of fact, separate and distinct from the claim arising out of the false imprisonment. It was so submitted to the jury and the jury's attention was carefully directed to the assessing of damages, if any, resulting from the failure to exercise ordinary care under a relationship of the parties differing from that which existed up to the time restraint ended. They were told to name such sum as they were satisfied to a reasonable certainty and by the preponderance of evidence would fairly and reasonably measure the damages which she sustained as a result of such negligent conduct. The imprisonment ended, of course, when the release of her person occurred under fit and reasonable circumstances. According to the instructions to the jury she was entitled to reasonable compensation for loss of time and expense. This would include a return home. When that time came, the evidence shows she was not dependent upon or at the mercy of appellants. She was not then sick or disabled nor suffering physically in any way. From a legal point of view, in escorting her to her home, there would be nothing to give rise to any liability for damages unless appellants were guilty of a further tort other than and differing from the false imprisonment. Under the alleged cause of action for negligence, the failure to exercise ordinary care was in letting respondent choose to stay in the car while appellants were in the hotel. The officers were willing to take her home and she accepted the

offer. Their duty, then, was no less and no greater than would have been that of a stranger to the false imprisonment. To allow damages for an act occurring after the termination of the false imprisonment, on the theory that had the imprisonment not occurred the accident would not have taken place, is to expand the liability for consequences of a wrongful act far beyond its proper bounds and altogether too far into the field of remote effects. This cause of action is predicated on negligence. There must be some failure in some duty subsequent to and independent of the false imprisonment. The relation of jailor and prisoner had ceased to exist and a host-guest relationship with different obligations and duties had come into being. The respondent's negligence in sitting in the cold car was equal to that of the appellants in permitting her to do so. She was then free. According to her story she was but a step from a hotel and its hospitality was available. Under the circumstances, the respondent's negligence in comparison with that of appellants, if on their part any existed, and under the existing circumstances we do not hold such to be the case, would certainly be as great or greater than theirs. This, in any event, prevents a recovery by her on that cause of action. And that much of the judgment relating thereto must be reversed.

*By the Court.*—Judgment in so far as it allows damages for false imprisonment is affirmed but reversed in so far as it allows damages on the cause of action for negligence.