### J. C. MOBLEY v. JESSE BROOME AND A. R. EDISON.

(Filed 19 March, 1958)

**1. False Imprisonment § 3—**

   A cause of action for false imprisonment is barred after the expiration of one year from plaintiff's release from custody by the giving of bond, nothwithstanding that the criminal prosecution in which the arrest took place is not terminated until less than one year before the institution of the action. G.S. 1-54(3).

**2. Assault and Battery § 3—**

   A civil action for assault and battery incident to an unlawful arrest is, apart from the false imprisonment, barred by the lapse of one year from the alleged assault.

**3. Limitation of Actions § 18—**

   While ordinarily the bar of the statute of limitations is a mixed question of law and fact, where the bar is properly pleaded and all the facts with reference thereto are admitted, the question of limitation becomes a matter of law.

APPEAL by plaintiff from *Huskins, J.*, at October Civil Term, 1957, of GASTON.

Civil action for false imprisonment and assault.

Upon the call of the case, the court took up for consideration the defendants' motion for judgment on the pleadings. In the course of the hearing, these facts were admitted by the parties:

"1. That on the 6th day of June 1953, the defendants, Jesse Broome and A. R. Edison, were police officers in the Town of Dallas, North Carolina, and in their capacity as such officers, arrested the plaintiff and put him in jail, charging him with being publicly drunk, with assaulting the defendants, and with resisting arrest.

"2. That the plaintiff, J. C. Mobley, made bond the following day, that is, the 7th day of June 1953; that the said J. C. Mobley remained free on bond until his trial and conviction in the Superior Court at the October 1953 Term, at which time he was again locked up for about one-half day; that at that time he again made bond and remained out on bond until the final decision of the Supreme Court on the 1st day of July 1954, following which he was completely discharged.

"3. That the plaintiff was tried in the Recorder's Court in the Town of Dallas, convicted of all three charges, and appealed to the Superior Court of Gaston County.

"4. That at the October Term of 1953 of the Superior Court of Gaston County, the plaintiff was tried and acquitted by the jury on the charge of public drunkenness, but convicted by the jury on the charge of assault on the officers (the defendants in this case) and upon the charge of resisting arrest, and was sentenced to serve a total of nine months on the roads.

"5. That the plaintiff J. C. Mobley appealed to the Supreme Court of North Carolina, and on the 1st day of July 1954, the Supreme Court reversed the conviction as the same fully appears in 240 N.C. 476.

"6. That thereafter, on November 24, 1954, the plaintiff instituted this action against the defendants for false imprisonment and assault,
. . .

"7. The plaintiff, through his counsel states in open court that he prosecutes this action on the theory that it is the (sic) action for false arrest, false imprisonment, and an assault upon him by the officers, the defendants in this case, and not upon the theory of malicious prosecution or abuse of process."

Upon the foregoing agreed facts, the court concluded that the plaintiff's cause of action is barred by the statute of limitations of one year (G. S. 1-54), duly pleaded by the defendants. Judgment was entered dismissing the action, from which the plaintiff appeals.

*Ernest R. Warren and Hugh W. Johnston for plaintiff, appellant.*
*Mullen, Holland & Cooke for defendants, appellees.*

JOHNSON, J. "False Imprisonment is the illegal restraint of one's person against his will. It generally includes an assault and battery, and always, at least, a technical assault." *Hoffman v. Hospital,* 213 N.C. 669, 670, 197 S.E. 161. "A false arrest is one means of committing a false imprisonment, . . ." 35 C. J. S., p. 502.

"The right of action for false imprisonment accrues at the beginning of the imprisonment but does not become complete until the termination thereof, the tort being regarded as divisible." 35 C. J. S., p. 577.

By the weight of authority, an action for false imprisonment will lie irrespective of the termination of the prosecution in which the imprisonment occurred. 35 C. J. S., p. 577; 25 C. J. p. 528. Cf. *Jackson v. Parks,* 216 N.C. 329, 4 S.E. 2d 873. It is otherwise as to malicious prosecution. *Taylor v. Hodge,* 229 N.C. 558, 50 S.E. 2d 307.

In the case at hand, the plaintiff's right of action for false imprisonment accrued at the time of his unlawful arrest. His cause of action was complete when he was released from custody by the giving of bond, and limitations then began running. His cause of action for false imprisonment was completely barred at the end of one year therefrom, by virtue of G. S. 1-54 (3). This is so notwithstanding the criminal prosecution in which the arrest took place continued within the limitations period. The pendency of the criminal prosecution in nowise affected or tolled the running of the statute of limitations. *Dusenbury v. Keiley,* 8 Daly 537, 58 How. Pr. 286, affirmed 85 N. Y. 383, 61 How. Pr. 408; 35 C. J. S., p. 578.

Any right of action the plaintiff may have had for assault and battery, apart from false imprisonment, in connection with the arrest on 6 June, 1953, was also barred by the one-year statute of limitations, G.S. 1-54 (3), before the commencement of the instant action on 24 November, 1954.

Ordinarily, the bar of the statute of limitations is a mixed question of law and fact. But where the bar is properly pleaded and all the facts with reference thereto are admitted the question of limitations becomes a matter of law. *Currin v. Currin,* 219 N.C. 815, 15 S.E. 2d 279; *Ewbank v. Lyman,* 170 N.C. 505, 87 S.E. 348. See also *Perry v. Southern Surety Co.,* 190 N.C. 284, 129 S.E. 721; *Butts v. Screws,* 95 N. C. 215. Here the admitted facts show that the plaintiff's cause of action was barred before the action was instituted. The ruling below so holding will be upheld.

Affirmed.