MARIE HALES v. McCRORY-McLELLAN CORPORATION, J. W. MEARES AND F. D. MORPHIS.

(Filed 27 November 1963.)

**1. Corporations § 26—**

A corporation may be held liable for false imprisonment committed by its employees in the course of their employment and within the scope of their authority in having a person arrested on a charge of shoplifting.

**2. False Imprisonment § 1—**

Calling a policeman to aid in restraining a person does not legalize an unlawful restraint.

**3. Same—**

While restraint must be involuntary in order to constitute the basis of an action for false imprisonment, no actual force is required if there be an implied threat of force sufficient to compel a person to remain where he does not wish to remain or to go where he does not wish to go.

**4. False Imprisonment § 2—**

Plaintiff's evidence to the effect that while she was engaged in exchanging certain articles previously purchased at defendant's store she was charged with shoplifting, that an employee ordered her to come to a designated spot and told another employee to call the police, that after the arrival of the police plaintiff was taken to the police station where an affidavit was sworn to by another employee, and that plaintiff was released upon bond, *held* sufficient to support an inference by the jury that plaintiff was induced to believe that any attempt on her part to leave the scene would not be allowed, and therefore that the restraint was involuntary.

APPEAL by plaintiff from *Cowper, J.,* June, 1963 Session, WILSON Superior Court.

The plaintiff instituted this civil action on August 24, 1961, to recover from the defendants compensatory and punitive damages for false imprisonment and slander. At the close of the evidence the court entered judgment of compulsory nonsuit, from which the plaintiff appealed.

*Lucas, Rand, Rose and Morris, and Louis B. Meyer for plaintiff appellant.*

*Gardner, Connor & Lee by Cyrus F. Lee and Raymond M. Taylor for defendants appellees.*

HIGGINS, J. The appeal presents this question of law: Was the evidence offered at the trial, when considered in the light most favorable to the plaintiff, sufficient to permit the jury to find the defendants

either actually or by procurement caused the plaintiff to be falsely imprisoned and falsely accused of shoplifting as a result of which she sustained damages? In addition to the general denial, the defendants by amendment to the answer pleaded that more than six months elapsed after the action accrued and before it was instituted.

The evidence disclosed that the corporate defendant operated in the City of Wilson a self-service variety store. Merchandise was displayed on counters from which customers were permitted to make their selections to be paid for on their way out. The indivdual defendants were agents and servants of the corporate defendant and were in charge of its store.

The plaintiff testified that on September 3, 1960, she returned to the defendant's store certain articles previously purchased which she sought to exchange for more appropriate sizes. While so engaged, the individual defendants, acting for the corporation, charged her with shoplifting; that notwithstanding her complete innocence of the charge, the defendant Morphis ordered her to "come over here with me . . . you know what for . . . He told her (Mrs. Baker, another employee) to call the police . . . We stood at the end of the counter waiting until the policeman came . . . We met the policeman about middleway the aisle and we went into this little room. . . . one of the policemen asked Mr. Morphis if he wanted to sign papers and he said yes. Mr. Morphis told one of the policemen that he saw me when I came down with a bag and he knew what the bag was for. That . . . was before Mr. Morphis said he wanted to sign papers. . . . Mr. Meares (another employee) . . . came in (a little room adjacent to the display counters) and he said he knew what it was about and what I was in there for and to go ahead and sign the papers. . . . I was taken over to the police station by Mr. Tant (police officer) . . . When I got to the police station, I went to the desk and gave them my name and address. . . . After I answered the questions, I was told that I could go back to a little room and wait there. I had called my daddy . . . (He) signed my bond and I was released."

Immediately an affidavit sworn to by defendant Morphis was filed in the recorder's court. Based thereon a warrant for the plaintiff's arrest was issued charging her with the crime of shoplifting. If the plaintiff was under unlawful arrest, not only the individual defendants but their principal, the corporation itself, may be held civilly liable. *Kelly v. Shoe Co.*, 190 N.C. 406, 130 S.E. 32.

However, defendants stressfully contend the plaintiff was not under arrest; that no force was exerted; that she was not at any time restrained; that she remained in the store until after the officers appear-

IN THE SUPREME COURT.

ed, accompanied them to the small room adjacent to the counters, and later to the police station entirely of her own free will.

From the foregoing circumstances, may not the jury, however, infer that the defendants, backed up by the presence and participation of two police officers whom they had called, induced the plaintiff to consider herself under restraint and to believe that any move or attempt on her part to leave the scene would not be allowed? Two of the store's employees, in the presence of police officers, accused the plaintiff of larceny. Upon receiving assurances the accusers would sign the necessary papers, the officers and the accusers conducted the plaintiff to police headquarters where she was charged and released only after she gave bond. A jury may find that she was justified in assuming she was under involuntary restraint. It may further find the restraint was unlawful.

Under the decisions of this Court, restraint must be consented to or it must be lawful. Calling a policeman to assist does not legalize an unlawful restraint. *Long v. Eagle Stores,* 214 N.C. 146, 198 S.E. 573. "False imprisonment is the illegal restraint of the person of any one against his will." *Parrish v. Mfg. Co.,* 211 N.C. 7, 188 S.E. 817; *Martin v. Houck,* 141 N.C. 317, 54 S.E. 291. Justice Walker, in *Riley v. Stone,* 174 N.C. 588, 94 S.E. 434, stated the rule: "Force is essential only in the sense of imposing restraint. . . . The essence of personal coercion is the effect of the alleged wrongful conduct on the will of plaintiff. There is no legal wrong unless the detention was involuntary. False imprisonment may be committed by words alone, or by acts alone, or by both; it is not necessary that the individual be actually confined or assaulted, or even that he should be touched. 19 Cyc., pp. 319 and 323. Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment. . . . The essential thing is the restraint of the person. This may be caused by threats, as well as by actual force, and the threats may be by conduct or by words. If the words or conduct are such as to induce a reasonable apprehension of force, and the means of coercion are at hand, a person may be as effectually restrained and deprived of liberty as by prison bars. . . ."

The plaintiff testified, and offered supporting evidence tending to corroborate her, that she was innocent of any wrongdoing. The evidence, in the light most favorable to her, entitles her to have the jury resolve the issues raised by the pleadings. This disposition leaves the plea of the statute of limitations unadjudicated.

Reversed.