BETTY JO ALLEN BLACK BY HER NEXT FRIEND, H. R. ALLEN v. CLARK'S GREENSBORO, INC.

(Filed 16 December, 1964.)

**1. Corporations § 26; Principal and Agent § 9—**

Evidence that immediately after plaintiff left defendant's store a man with a badge stopped plaintiff in defendant's parking lot and requested to see plaintiff's pocketbook for the purpose of ascertaining if plaintiff had taken property belonging to the store, and that shortly thereafter the man with the badge was in conference with executives of defendant, *held* sufficient to warrant a finding that the man was acting as defendant's agent and within the scope of his employment.

**2. False Imprisonment § 1—**

False imprisonment is the illegal restraint of a person, and while actual force is not required, there must be an implied threat of force, at least, which compels a person to remain where he does not wish to remain or go where he does not wish to go, since if the person consents there can be no restraint.

**3. Same— Evidence held to show that plaintiff voluntarily submitted to inspection of pocketbook and was not restrained.**

Evidence tending to show that immediately after plaintiff left defendant's store and was getting into a friend's car in defendant's parking lot two men approached the car, one of whom showed a badge to the driver and asked to see defendant's pocketbook, that the men had insufficient warrant to arrest plaintiff, but that plaintiff voluntarily emptied her pocketbook, that there was nothing incriminating in her possession, and that immediately thereafter she went to the store and interviewed the manager, *held* not to show that plaintiff was arrested or imprisoned but rather that plaintiff voluntarily submitted to the inspection without fear that any incriminating evidence would be discovered.

PARKER, J., dissents.

APPEAL by plaintiff from *Shaw, J.,* February 17, 1964 Session, GUILFORD Superior Court, Greensboro Division.

Civil action to recover damages for false imprisonment. The defendant's answer denied all material allegations of the complaint, except the defendant's residence and incorporation.

The plaintiff's statement of the case on appeal fairly presents the controversy:

"The plaintiff, through her next friend, instituted this action alleging that she suffered great mental anguish, great embarrassment and humiliation when she was detained against her will for approximately five (5) minutes by the defendant through its agents.

"The plaintiff introduced evidence which she contends tends to show that on or about December 5, 1962, she, in company with two other persons, visited the defendant's store in Greensboro, North Carolina, where she purchased certain articles of merchandise, paying for each and every item at the check-out counter. The plaintiff further introduced evidence which she contends tends to show that after leaving the defendant's store and getting into an automobile owned by one of her companions, in the defendant's parking lot, two men, alleged to be the defendant's agents, approached the car, one of them showed a badge, detained the driver, and asked to see plaintiff's pocketbook; that plaintiff handed her pocketbook to the man, who examined it and told plaintiff to take a bracelet out of the pocketbook and hand it to him;

that the man examined the bracelet, inquired as to where it was purchased, and after the plaintiff explained that she had owned it about one year and had purchased it at a Sarah Coventry party, the man returned the bracelet to plaintiff and walked away.

"After the introduction of the evidence for the plaintiff, the motion of the defendant for judgment of nonsuit was overruled. The defendant did not put on evidence and renewed its motion for judgment of nonsuit. After further argument, the Court granted the motion, ruling that there was no evidence sufficient to be submitted to the jury. The plaintiff excepted and appealed to this Court."

*E. L. Alston, Jr., for plaintiff appellant.*
*Sapp & Sapp, by Armistead W. Sapp, Jr., for defendant appellee.*

HIGGINS, J. Immediately after the incident in the parking lot, the plaintiff went to the head, first of the Sports Department, then to the head of the Cosmetics Department in the defendant's store. Thereafter, she went to the office of the manager, who at the time was in conference with the man who had displayed the badge in the parking lot. The manager showed familiarity with what had taken place. "I explained to the manager the way the two men came out to the car and asked to see our pocketbooks. . . . he (the manager) told me they had to have precautions like that. I told him I knew that; I was working at Sears at the time. . . . but I didn't understand why they had to go about it the way and in the manner in which they did."

The evidence, while insufficient to identify the man with the badge as a public officer, nevertheless is sufficient to warrant the finding that he was acting as the defendant's agent and within the scope of his employment. Under such circumstances, the principal is responsible for the agent's tort. *Parrish v. Mfg. Co.*, 211 N.C. 7, 188 S.E. 817.

We must concede the evidence was insufficient to warrant the plaintiff's arrest. If the man with the badge (type not shown) and his companion actually arrested and imprisoned the plaintiff, such arrest was without probable cause and the plaintiff's restraint was unlawful. " 'False imprisonment is the illegal restraint of the person of any one against his will.' Ashe, J., *State v. Lunsford*, 81 N.C. 528. It generally includes an assault and battery and always, at least, a technical assault. *State v. Reavis*, 113 N.C. 677, 18 S.E. 388. Involuntary restraint and its unlawfulness are the two essential elements of the offense. *Riley v. Stone, supra;* 25 C.J.S. 443; 11 R.C.L. 791. Where no force or violence is actually used, the submission must be to a reasonably ap-

prehended force. *Powell v. Fiber Co., supra,* (150 N.C. 12, 63 S.E. 150)." *Parrish v. Mfg. Co.,* 211 N.C. 7, 188 S.E. 817.

Restraint must be lawful, or it must be consented to, otherwise it is unlawful. *Hales v. McCrory-McLellan Corp.,* 260 N.C. 568, 133 S.E. 2d 225. "It generally includes an assault and battery, and always, at least, a technical assault. *Hoffman v. Hospital,* 213 N.C. 669, 197 S.E. 161. A false arrest is one means of committing a false imprisonment . . . 35 C.J.S. 502; *Mobley v. Broome,* 248 N.C. 54, 102 S.E. 2d 407."

"Force is essential only in the sense of imposing restraint. . . . The essence of personal coercion is the effect of the alleged wrongful conduct on the will of plaintiff. There is no legal wrong unless the detention was involuntary. False imprisonment may be committed by words alone, or by acts alone, or by both; it is not necessary that the individual be actually confined or assaulted, or even that he should be touched. 19 Cyc., pp. 319 and 323. Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment. . . . The essential thing is the restraint of the person. This may be caused by threats, as well as by actual force, and the threats may be by conduct or by words. If the words or conduct are such as to induce a reasonable apprehension of force, and the means of coercion are at hand, a person may be as effectually restrained and deprived of liberty as by prison bars." *Hales v. McCrory-McLellan Corp., supra.*

The plaintiff's circumstances and conduct indicate she was without fear the defendant's agents would find any articles in her pocketbook for which she had not paid. She freely passed the pocketbook to the man with the badge and at his request freely opened it, permitted the examination, and removed for his inspection the bracelet and explained where and when she bought it. She knew the agent would not find any incriminating evidence against her. She had nothing to fear, and, hence, she was not disturbed by the search. She was disturbed, however, by the implication that the defendant's agents suspected her of shoplifting. Her conduct bears out this appraisal. After the officers completed the search, the plaintiff and her friends returned immediately to the store, plaintiff interviewed, first, the manager of the sports department, then the manager of the cosmetics department, and immediately thereafter called on the manager in his office. Under the circumstances here disclosed, there is no sufficient evidence to warrant a finding that the plaintiff was under arrest or was imprisoned. The plaintiff was a passenger in her friend's vehicle. All she did, or was requested to do, was to open her pocketbook and submit it and the brace-

let for inspection. The evidence does not disclose that she objected to the examination, but complied willingly. The judgment of nonsuit is
  Affirmed.

PARKER, J., dissents.