CINDY T. AYSCUE AND DIANE S. HARRIS v. REBECCA S. MULLEN AND RICHARD (RICK) MULLEN

No. 8510DC460

(Filed 3 December 1985)

1. **False Imprisonment § 2.1— false imprisonment of customers by cashier—evidence sufficient**

Motions for a directed verdict and judgment n.o.v. on claims of false imprisonment were properly denied as to both plaintiffs where there was evidence that the cashier in the store in which plaintiffs were shopping bolted the door, stood in front of the door blocking plaintiffs' exit, pushed plaintiff Ayscue to prevent her from leaving, refused to tell plaintiffs why they could not leave, and refused to call the police or search plaintiffs' pocketbooks. A touching is not necessary to find false imprisonment and the use of force against plaintiff Ayscue when she attempted to leave would be sufficient to induce in plaintiff Harris a reasonable apprehension of force; moreover, all the evidence indicated that the door was locked and that plaintiff Harris' path was blocked by defendant.

2. **False Imprisonment § 1— action against merchant detaining customers—unreasonable detention—merchant not immune**

A merchant who detained customers was not immune from civil liability under N.C.G.S. 14-72.1(c) where there was evidence indicating an unreasonable manner of detention in that defendant refused to explain to plaintiffs why they could not leave and refused to call the police or search plaintiffs' pocketbooks when plaintiffs offered.

3. **False Imprisonment § 3— detention of customers by merchant—punitive damages—evidence insufficient**

The trial court erred by denying defendants' motions for a directed verdict or judgment n.o.v. on the issue of punitive damages in an action by customers who had been detained by a merchant where there was an entire lack of those elements of outrageous conduct which would subject the defendants to punitive damages.

APPEAL by defendants from *Cashwell, Judge.* Judgment entered 13 February 1985 in District Court, WAKE County. Heard in the Court of Appeals 31 October 1985.

Plaintiffs instituted this action against defendants to recover compensatory and punitive damages for false imprisonment. Defendant Rebecca S. Mullen is the sole owner of the "Shop Easy" store in Fuquay-Varina, North Carolina. Her son, defendant Richard (Rick) Mullen, is the cashier. The store is divided into three levels or sections, including the craft section located on the upper

level. All sales go through the cash register on the first level. In order to discourage shoplifting, defendant Rebecca Mullen instituted a "no sale slip" policy whereby a clerk in the craft section gives a customer leaving that section either a ticket for items chosen for purchase or a "no sale slip" if the customer chooses not to make a purchase. The "no sale slip" is to be shown to the cashier upon leaving the store.

Plaintiffs presented evidence tending to show the following:

On 30 March 1984 plaintiffs Diane S. Harris and Cindy T. Ayscue, accompanied by plaintiff Ayscue's six-year-old daughter, visited the "Shop Easy" store for the first time. Plaintiffs browsed through the craft section of the store, but did not receive a "no sale slip" when they left that section. Upon returning to the first level, plaintiffs looked at a porcelain pail which plaintiff Harris considered buying, but which she replaced on the shelf. Plaintiffs then started to leave the store. Defendant Rick Mullen asked them if they had a "no sale slip." Plaintiffs did not know what a "no sale slip" was, and they replied they did not have one. Defendant then asked plaintiff Ayscue if she was going to get one. Ayscue replied "no," still not knowing what defendant was talking about. Defendant then jumped over the counter, bolted the door, stood in front of it, and would not let plaintiffs out. Defendant stated plaintiffs were not going to get out until they had a "no sale slip." Defendant then asked plaintiff Harris if she was going to get a "no sale slip." She replied "no," she also being confused as to the identity and purpose of such slip. Defendant refused to tell plaintiffs why they were being held. Plaintiff Ayscue then pushed defendant to move him out of the way. Defendant pushed her back with his chest to prevent her from leaving. Plaintiffs offered to have defendant call the police or search their pocketbooks. Defendant refused. During this time defendant had sent an employee to get defendant Rebecca Mullen who was working that day in the craft section. Rebecca Mullen came down and told her son that plaintiffs were okay and to let them out. The incident lasted from three to five minutes.

For matters of this appeal, it is not necessary to recite the evidence presented by defendants.

After hearing all the evidence the jury returned a verdict awarding plaintiff Cindy Ayscue $350 in actual damages and

$1,000 in punitive damages, and awarding plaintiff Diane Harris $200 in actual damages and $1,000 in punitive damages. From the judgment entered in accordance with the verdict, defendants appeal to this Court.

*Calder, Narron & Jordan, by Joseph A. Calder and V. Thomas Jordan, Jr., for plaintiff appellees.*

*Moore, Ragsdale, Liggett, Ray & Foley, by Peter M. Foley and Nancy Dail Fountain, for defendant appellants.*

ARNOLD, Judge.

[1] Defendants first contend that there is insufficient evidence to support plaintiffs' claims of false imprisonment and therefore the trial court erred in denying defendants' motions for a directed verdict and for judgment notwithstanding the verdict. We disagree.

Settled principles establish that the purpose of a motion for directed verdict is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for plaintiffs; that in determining such a motion the evidence should be considered in the light most favorable to plaintiffs, and the plaintiffs should be given the benefit of all reasonable inferences; and that the motion should be denied if there is any evidence more than a scintilla to support plaintiffs' prima facie case in all its constituent elements. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). A motion for judgment notwithstanding the verdict is essentially the renewal of a prior motion for a directed verdict. Therefore, where the evidence admitted at trial, taken in the light most favorable to plaintiffs is sufficient to support the verdict, it should not be set aside. *Harvey v. Norfolk Southern Railway*, 60 N.C. App. 554, 299 S.E. 2d 664 (1983).

> False imprisonment is the illegal restraint of the person of any one against his will. . . . Force is essential only in the sense of imposing restraint. . . . There is no legal wrong unless the detention was involuntary. False imprisonment may be committed by words alone, or by acts alone, or by both; it is not necessary that the individual be actually confined or assaulted, or even that he should be touched. . . . Any exercise of force, or express or implied threat of force, by which

in fact the other person is deprived of his liberty [or] com-
pelled to remain where he does not wish to remain . . . is an
imprisonment. . . . The essential thing is the restraint of the
person. This may be caused by threats, as well as by actual
force, and the threats may be by conduct or by words. If the
words or conduct are such as to induce a reasonable appre-
hension of force, and the means of coercion are at hand, a
person may be as effectually restrained and deprived of liber-
ty as by prison bars. (Citations omitted.)

*Hales v. McCrory-McLellan Corp.*, 260 N.C. 568, 570, 133 S.E. 2d
225, 227 (1963).

The evidence presented by plaintiffs which indicated defend-
ant Rick Mullen bolted the door, stood in front of the door block-
ing plaintiffs' exit, pushed plaintiff Ayscue to prevent her from
leaving, refused to tell plaintiffs why they could not leave, and
refused to call the police or search their pocketbooks was suffi-
cient to submit the case to the jury and to support the verdict
awarding plaintiffs actual damages for false imprisonment.

Defendants nevertheless argue that plaintiff Harris failed to
prove that she was unlawfully restrained by force or threat of
force and that she was restrained against her will. Specifically
defendants assert that defendant Richard Mullen never used any
force against Harris, Harris had no conversation with defendant
during the incident, and that Harris stood at least seven to eight
feet away. However, as stated above, a touching is not necessary
to find false imprisonment. All evidence indicated that the door
was locked and plaintiff Harris' path was blocked by defendant.
Her ability to leave was in fact restrained. Further, the use of
force against plaintiff Ayscue when she attempted to leave would
certainly be sufficient to induce in plaintiff Harris a reasonable
apprehension of force. Finally, in her testimony Harris stated that
defendant locked the door, stood in front of it, and would not
move to "let us out." The evidence is sufficient for the jury to
conclude that plaintiff Harris was unlawfully restrained against
her will.

[2] Defendants next contend that they are immune from civil
liability for false imprisonment under G.S. 14-72.1(c). This statute
provides that a merchant or his employee shall not be held liable
for detention or false imprisonment of a person where such deten-

tion is in a reasonable manner for a reasonable length of time and there is probable cause to believe that the person has wilfully concealed goods or merchandise from the store. However, the evidence indicating that defendant refused to explain to plaintiffs why they could not leave and refused to call the police or search plaintiffs' pocketbooks when plaintiffs offered could be said to constitute an unreasonable manner of detention. This evidence supports the jury's finding that G.S. 14-72.1(c) is not applicable and the finding of false imprisonment in favor of plaintiffs. We therefore find defendants' contention without merit.

[3] Finally, defendants contend there is insufficient evidence to support the claim for an award of punitive damages. As to this contention, we agree.

Punitive damages are allowed only in cases where the tortious conduct is accompanied by some element of aggravation. *Newton v. Standard Fire Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). Emphasis is frequently given to the presence or absence of evidence of "insult, indignity, malice, oppression or bad motive" in determining the applicability of punitive damages to a particular factual situation. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956). Whether there is any evidence to be submitted to the jury that would justify assessment of punitive damages is a question for the court. *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936); Ervin, *Punitive Damages in North Carolina*, 59 N.C. L. Rev. 1255 (1981). In the testimony of this case, there was an entire lack of those elements of outrageous conduct which would subject the defendants to punitive damages. We therefore hold that the trial court erred in denying defendants' motions for a directed verdict and for judgment notwithstanding the verdict as to the issue of punitive damages.

The judgment appealed from is therefore

Affirmed in part, reversed in part.

Judges WELLS and PARKER concur.