BARBARA ROGERS v. T.J.X. COMPANIES, INC. AND MICHAEL NOURSE

No. 32A91

(Filed 12 June 1991)

**False Imprisonment § 3 (NCI3d)— alleged shoplifting—false imprisonment—punitive damages proper**

There was sufficient evidence of outrageous conduct, in addition to that conduct constituting false imprisonment in an alleged shoplifting incident, to survive defendants' motion for summary judgment on the issue of punitive damages where such evidence tended to show that defendant Nourse, who identified himself as a store security officer, impersonated a police officer by using a badge of his own design; plaintiff was restrained against her will in the store security office for approximately one-half hour; plaintiff was badgered, insulted, and pressured to confess by defendant Nourse despite

ROGERS v. T.J.X. COMPANIES

[329 N.C. 226 (1991)]

her efforts to prove her innocence; plaintiff was frightened and upset and asked if she could leave; defendant unlawfully detained plaintiff after determining that no offense had been committed, N.C.G.S. § 15A-404(d) (1988); plaintiff was made to give up personal information including her driver's license number, telephone number, and social security number; and plaintiff was forced to sign a release of liability as a condition to her release from defendant Nourse's custody.

**Am Jur 2d, False Imprisonment §§ 141-144.**

**Defendant's state of mind necessary or sufficient to warrant award of punitive damages in action for false arrest or imprisonment. 93 ALR3d 1109.**

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 101 N.C. App. 99, 398 S.E.2d 610 (1990), reversing in part and affirming in part the entry of summary judgment in favor of defendants by *Hight, J.*, on 3 October 1989 in Superior Court, WAKE County. Heard in the Supreme Court on 8 April 1991.

*Toms, Reagan & Montgomery, by Frederic E. Toms and Charles H. Montgomery, for plaintiff-appellant.*

*Maupin, Taylor, Ellis & Adams, by Thomas W. Alexander and Sharon H. Spence, for defendant-appellees.*

MARTIN, Justice.

This action was filed on 12 August 1988 by the plaintiff for compensatory and punitive damages for false imprisonment and intentional infliction of emotional distress. Summary judgment for defendants was granted by Judge Henry W. Hight, Jr., on 3 October 1989. The Court of Appeals reversed the trial court on all claims except the punitive damages issue. Judge Phillips dissented in part, reasoning that the plaintiff's forecast of the evidence was sufficient to survive summary judgment with respect to punitive damages. The only issue before this Court is whether there is a genuine issue of material fact on the plaintiff's claim for punitive damages. We hold that the trial court erred in granting summary judgment for the defendants on that issue and therefore reverse the Court of Appeals.

The action arose out of events occurring on 17 July 1988 at the T.J. Maxx department store in Cary, North Carolina, owned by defendant T.J.X. Companies, Inc. Taken in the light most favorable to the plaintiff, as we must for summary judgment purposes, the evidence tends to show the following. Plaintiff entered T.J. Maxx, hereinafter "the store," about 4:30 P.M. shopping for linens. She wore bermuda shorts and a T-shirt and carried a pocketbook, approximately twelve inches by twelve inches. The purse contained two cosmetic bags, a wallet, two pens, a glasses' case, and a ziploc bag containing material and wallpaper samples. Plaintiff went first to the cosmetics area and then to the linens department. After leaving the linens department, she walked around a counter containing dishes and crystal and then left the store without making a purchase. Plaintiff never entered the lingerie department and never examined any items of lingerie.

As plaintiff exited the store, Michael Nourse stopped her, identified himself as a store security officer, and asked her to return to the store because he wished to talk with her about some merchandise. Nourse carried a badge of his own design and an identification card issued by the company; he showed these items to plaintiff. Plaintiff told him that he was making a mistake, but complied with his request and accompanied Nourse to his office at the back of the store. Plaintiff testified that she did not feel that she had a choice about accompanying Nourse because "he was the law of the store" and she had to obey him. On the way to the office, Nourse asked another store employee, Sheri Steffens, to join them and act as a witness.

Once inside the small office, plaintiff immediately dumped the contents of her purse onto the desk. Nourse told plaintiff to take a seat, but she refused, saying that this would not take long because she was a good customer and had not stolen anything. Nourse responded, "Good customers will steal," and again directed her to have a seat. Telling her he would soon return, he then left the office for five to fifteen minutes. Plaintiff testified that she believed that he might have gone to call the police, and she stepped out of the office to look for them. Seeing no one, she gathered up her belongings, but did not feel free to leave because Nourse had told her he would return. Steffens paged Nourse, who returned momentarily. He said to plaintiff, "Ma'am, all we want is our merchandise. What did you do with it? You were in our lingerie department." Plaintiff denied wrongdoing, again dumped her purse on

**ROGERS v. T.J.X. COMPANIES**

[329 N.C. 226 (1991)]

the desk, and told him that he must have seen her putting the packet of material samples into her purse. As she reached to gather her belongings, Nourse instructed her not to touch anything.

Nourse pulled down a clipboard hanging on the wall and showed her a card which said that the store employees had the right to detain her if they had reason to believe she had been shoplifting. Nourse repeatedly questioned plaintiff about the location of the missing merchandise as she tried to read the card. Plaintiff told him to "shut up" so that she could concentrate. Nourse remarked to Steffens, "Usually the dog that barks the loudest is guilty." Nourse then told plaintiff that he could call the police if she wanted them to settle it; that he could handcuff her to a chair; and that he would call the police and have them put her in jail. Plaintiff continued to deny the allegations and asked if he wanted her to take her clothes off to prove that she had not done anything, even though she was a very modest person. Steffens testified that plaintiff was very upset throughout the incident and that Nourse's attitude and demeanor toward plaintiff was sarcastic.

Nourse instructed plaintiff to sign two forms, one of which was a waiver of Miranda rights. The other form released T.J. Maxx from liability for any claims arising out of the incident. Neither of the papers had been filled out when plaintiff signed. Plaintiff testified that she signed the release form only because she believed that she would not be allowed to leave the store and go home if she did not sign it. Nourse refused to give plaintiff copies of the forms because it was not company policy. After signing the papers, plaintiff left the store and drove home. She had been in the security office approximately 35 minutes. About one-half hour after plaintiff left the store, Nourse announced to Steffens that he had found the missing merchandise, a beige brassiere.

Plaintiff's evidence showed that she became sick, nervous and upset as a result of the incident. She had difficulty sleeping and took sleeping pills for two weeks as prescribed by her doctor. In addition, she testified that she no longer went shopping because she felt as if someone was always looking over her shoulder.

False imprisonment is the illegal restraint of the person of any one against his or her will. *E.g., Hales v. McCrory-McLellan Corp.*, 260 N.C. 568, 133 S.E.2d 225 (1963). The tort may be committed by words or acts; therefore, actual force is not required. Restraint of the person is essential, whether by threats, express or implied,

or by conduct. *Id.* at 570, 133 S.E.2d at 227. The Court of Appeals held that plaintiff had established facts sufficient to support her claim for false imprisonment; however, the false imprisonment issue is not before us. The sole basis for the dissent was the issue of whether plaintiff's claim for punitive damages should survive summary judgment.

The purpose of punitive damages, sometimes denominated as exemplary damages or smart money, is two-fold: to punish the wrongdoing of the defendant and to deter others from engaging in similar conduct. *See generally* Ervin, *Punitive Damages in North Carolina*, 59 N.C.L. Rev. 1255 (1981). The tort in question must be accompanied by additional aggravating or outrageous conduct in order to justify the award of punitive damages. *Id.* at 1258-59; *see also Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976). To constitute outrageous behavior, there must exist evidence of " 'insult, indignity, malice, oppression or bad motive.' " *Hinson v. Dawson*, 244 N.C. 23, 27, 92 S.E.2d 393, 396 (1956) (quoting *Swinton v. Realty Co.*, 236 N.C. 723, 727, 73 S.E.2d 785, 788 (1953) ).

> Actual ill will or vindictiveness of purpose is not as a rule required[1]; and exemplary damages have been frequently awarded when the imprisonment was accompanied by circumstances of fraud, recklessness, wantonness, . . . bad faith, circumstances of oppression, . . . insult or outrage, willful injury, or a wrongful act without a reasonable excuse, . . . or in known violation of law.

35 C.J.S. *False Imprisonment* § 67 (1960); *see also Robinson v. Duszynski*, 36 N.C. App. 103, 243 S.E.2d 148 (1978) (aggravation shown where the wrong is done willfully or under circumstances of rudeness or oppression, or in a manner evincing a wanton and reckless disregard for plaintiff's rights). Willful conduct is done purposefully in violation of law, or knowingly of set purpose, or without yielding to reason. *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37 (1929). Wanton conduct is done wickedly or needless-

---

1. In *Shugar v. Guill*, 304 N.C. 332, 283 S.E.2d 507 (1981), this Court held that where malice was relied upon as the requisite aggravating state of mind, actual or express malice, as demonstrated by personal ill will, must be proven. However, the tort involved in that case was not false imprisonment, but assault and battery. We need not address whether a finding of actual malice is necessary where the tort is false imprisonment because we find plenary evidence of the other possible states of mind to overcome defendant's motion for summary judgment.

**ROGERS v. T.J.X. COMPANIES**

[329 N.C. 226 (1991)]

ly, manifesting a reckless indifference to the rights of others. *Id.* at 191, 148 S.E. at 37-38; *see also Hinson v. Dawson*, 244 N.C. 23, 28, 92 S.E.2d 393, 396-97 ("Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others").

Whether the evidence of outrageous conduct is sufficient to carry the issue of punitive damages to the jury is a question for the court. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E.2d 297. Punitive damages are recoverable only where the jury determines plaintiff is entitled to compensatory or nominal damages. *E.g.*, *Clemmons v. Insurance Co.*, 274 N.C. 416, 163 S.E.2d 761 (1968). However, if a punitive damage issue is submitted, the decision of whether punitive damages are warranted, and in what amount, is one for the jury in its discretion. *Allred v. Graves*, 261 N.C. 31, 134 S.E.2d 186 (1964).

Defendants analogize *Ayscue v. Mullen*, 78 N.C. App. 145, 336 S.E.2d 863 (1985), a case in which a false imprisonment was accompanied by an assault and battery. In that case, the defendant store owners required customers who did not make a purchase to obtain a "no sale slip" before leaving each department. When two shoppers, who were apparently unaware of the store policy, attempted to leave the store without such a slip, defendant barred the door and refused to allow them to leave. When one plaintiff pushed one of the defendants in an attempt to leave, that defendant pushed her back to prevent her exit. The entire incident lasted about three to five minutes. The Court of Appeals held, without elaboration, that the facts in that case did not support the award of punitive damages by the jury. We find the analogy here unpersuasive. The assault and battery committed by defendant in *Ayscue* was precipitated by a similar assault and battery by the plaintiff. Further, that incident was considerably shorter than the detention in the instant case.

The rules governing summary judgment are now familiar learning, and we need not repeat them here. *Roy Burt Enterprises v. Marsh*, 328 N.C. 262, 400 S.E.2d 425 (1991). Taken in the light most favorable to the plaintiff, the evidence tends to show that (1) defendant Nourse impersonated a police officer by using a badge of his own design; (2) plaintiff was restrained against her will in the store security office for approximately one-half hour; (3) plaintiff was badgered, insulted and pressured to confess by defendant Nourse

despite her efforts to prove her innocence; (4) plaintiff was frightened and upset and asked if she could leave; (5) defendant unlawfully detained plaintiff after determination that no offense had been committed, N.C.G.S. § 15A-404(d) (1988); (6) plaintiff was made to give up personal information including her driver's license number, telephone number, and social security number; and (7) plaintiff was forced to sign a release of liability as a condition to her release from Nourse's custody. We are unable to conclude, as a matter of law, that these facts justify an order of summary judgment in the defendants' favor.

We hold that there was sufficient evidence of outrageous conduct, in addition to that conduct constituting the false imprisonment, to survive defendants' motion for summary judgment. Plaintiff's forecast of the evidence reveals both willful and wanton conduct on the part of Nourse, manifesting a reckless disregard for plaintiff's rights. Nourse continued to detain plaintiff even after it became obvious that she did not have the merchandise in her possession. *See Robinson v. Wieboldt Stores, Inc.*, 104 Ill. App. 3d 1021, 433 N.E.2d 1005 (1982). There is also plenary evidence of unnecessary insult and indignity heaped upon plaintiff by one with superior power and authority. Plaintiff was threatened with handcuffing and arrest. *See Hadler v. Rhyner*, 244 Wis. 448, 12 N.W.2d 693 (1944). That plaintiff was forced to sign a release is also evidence of aggravation. *See Trogdon v. Terry*, 172 N.C. 540, 90 S.E. 583 (1916). The evidence demonstrates sufficient aggravation of the tort of false imprisonment to survive defendants' motion for summary judgment on the punitive damages issue. Accordingly, we reverse in part the decision of the Court of Appeals and remand the case to them for further proceedings not inconsistent with this opinion.

Reversed in part and remanded.