O. N. ALLEY v. S. M. LONG ET AL.

(Filed 22 January, 1936.)

**1. Libel and Slander A c—Question of conscious publication of slanderous remarks held for determination of jury upon the evidence.**

In an action for slander, a motion to nonsuit on the ground that there was no conscious publication of the slanderous remarks is improperly granted when the evidence shows that a third person was present and heard the slanderous remarks, although he could not have been seen by the person uttering them, and there is evidence of facts sufficient to support the inference that the person uttering the remarks was conscious of the presence of such third person.

**2. Same—Third person overhearing publication held not included in the charge so as to negative publication of slanderous remarks.**

The evidence disclosed that plaintiff, a shipping clerk in charge of checking out merchandise from the corporate defendant's warehouse, was charged by the individual defendant, the corporation's general manager, with allowing drivers to take out merchandise and selling it and "splitting" with the drivers, the general manager adding that "all the drivers you have over there are crooked," and that the only person overhearing the conversation of the general manager with plaintiff was one of the drivers referred to. *Held:* The driver overhearing the remarks was not directly charged with participating in the crime, and the corporate defendant's motion to nonsuit on the ground that there was no publication sufficient to support an action for slander should have been overruled.

**3. Corporations G i—Evidence that corporate agent was acting in scope of authority in uttering slanderous remarks held for jury.**

Evidence that the general manager of a corporation, in charge of losses, accused the shipping clerk in charge of checking out merchandise from the corporation's warehouse with allowing drivers to take out merchandise and splitting the purchase price with them, and threatened to ask for the clerk's removal, *is held*, in the absence of a plea of privilege, justification, or mitigating circumstances, C. S., 542, sufficient to be submitted to the jury on the question of whether the general manager was acting within the scope of his authority in uttering the slanderous words in an action therefor against the corporation.

ALLEY v. LONG.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at September Term, 1935, of ROCKINGHAM.

Civil action for slander.

The record discloses that on 20 August, 1934, S. M. Long, general manager of the corporate defendant's storage warehouse in Greensboro and "in charge of the Tea Company's business with regard to losses," called the plaintiff into his office and said to him, in the presence of J. E. Collins, that on Friday night of the week before, eight boxes of bananas went out of the warehouse, and they could not have gone out of the back door, as it was locked; they were bound to have gone out on the trucks, and "it shows you are letting them get out, letting the drivers take them and selling them and you splitting with them." And further: "If they don't stop, I will have to ask Mr. Crowder to get a new man to check the trucks in your place. . . . All the drivers you have over there are crooked," etc.

Plaintiff was night shipping clerk for the Crowder Transport Company, an independent contractor, engaged by the Tea Company to do its hauling from the storage warehouse to its several retail stores. Plaintiff's duties were to check the trucks and see that the produce got out.

J. E. Collins, one of the drivers for the Crowder Transport Company, came to the door of Mr. Long's office, while he was talking to the plaintiff. The door was open. Collins testified: "I could hear what was said. I stopped at the door. Mr. Alley could see me, but Mr. Long could not. He was sitting with his back to me. I didn't interrupt them. I just stood at the door and listened until they finished talking, then I walked in and gave him (Long) my tickets."

At the close of plaintiff's evidence the corporate defendant moved for judgment of nonsuit, which was allowed; whereupon the plaintiff suffered a voluntary nonsuit as to the individual defendant, and appealed.

*P. W. Glidewell and Allen H. Gwyn for plaintiff.*
*Brown & Trotter and Thomas C. Guthrie for defendant A. & P. Tea Company.*

STACY, C. J. The theory of the nonsuit as to the Tea Company is, that there was no conscious publication of the alleged slanderous remarks on the part of its general manager and codefendant, Mr. Long. This, we think, was a question for the jury under the facts in evidence. *Hedgepeth v. Coleman,* 183 N. C., 309, 111 S. E., 517, 24 A. L. R., 232; *McNichol v. Grandy,* 81 A. L. R., 103.

According to the plaintiff's testimony, "Mr. J. E. Collins was present, while the conversation was going on"; and Mr. Collins testified that he

could hear what was said. True, it is in evidence that Collins was standing at the door and that Long was sitting with his back to the door and could not see him. *Non constat* that he was not conscious of his presence. *McKeel v. Latham,* 202 N. C., 318, 162 S. E., 747.

But the case does not stop here. Even if Collins did overhear the conversation to the knowledge of Long, still the Tea Company contends there was no publication, such as the law requires in defamation, because Collins was one of the drivers of the Transport Company and included in the charge, "all the drivers you have over there are crooks." *Bull v. Collins,* 54 S. W. (2d) (Tex.), 870; *Harbison v. C. R. I. & P. Ry. Co.,* 327 Mo., 440, 37 S. W. (2d), 609, 79 A. L. R., 1.

The language of the declarant, it will be noted, does not charge Collins directly with participation in the looting of the Tea Company's merchandise—only that the drivers were crooked—while full responsibility is placed upon the plaintiff. It would seem that the principle contended for is not available as a shield in the circumstances presently presented. *Marble v. Chapin,* 132 Mass., 225.

The Tea Company also contends that Long was not acting within the scope of his employment in taking the matter up with the plaintiff. *Sawyer v. R. R.,* 142 N. C., 1, 54 S. E., 793. This was a question for the jury under the evidence. *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446. Long was "in charge of the Tea Company's business with regard to losses," and he threatened to ask for plaintiff's removal.

It is observed there is no plea of privilege, justification, or mitigating circumstances. C. S., 542; *Hartsfield v. Hines,* 200 N. C., 356, 157 S. E., 16; *Gudger v. Penland,* 108 N. C., 593, 13 S. E., 168; McIntosh Practice and Procedure, 365; 17 R. C. L., 401.

Reversed.