LUCILLE TYER v. ASHLEY G. LEGGETT.

(Filed 25 September, 1957.)

**1. Libel and Slander § 10: Pleadings § 28—**

Motion for judgment on the pleadings in an action for slander may not be entered when the answer denies each allegation of that cause of action except as admitted in the further answer and defense, and such further answer and defense, although containing purely evidentiary matter, nevertheless does not admit the crucial allegations of the complaint or merely plead matter in mitigation or justification.

**2. Libel and Slander §§ 5, 13—**

In order to recover for slander plaintiff must allege and prove publication, and in an action for separate slanders, proof of a mere possibility that someone might have overheard the conversation between plaintiff and defendant constituting the basis of one of the slanders is insufficient, and the court correctly excludes those particular words in submitting the case to the jury.

APPEAL by plaintiff from *Bone, J.,* February Term 1957 of BEAUFORT.

This action was instituted to recover compensatory and punitive damages from the defendant for an alleged assault in the first cause of action and for slander in the second cause of action.

The plaintiff had, for a number of years prior to 15 October 1955, been in the employ of the defendant, who operated a dry cleaning plant in the Town of Washington, North Carolina. On 15 October 1955, about 10:30 a.m., plaintiff was refused a raise in pay by the defendant and she accordingly, in her capacity of bookkeeper, paid herself off. She took the money from the cash register and put a slip of paper therein showing the amount of money she had taken. She then, accord-

ing to her testimony, returned to the office and said, "Mr. Leggett, I am quitting and I have paid myself off." He said, "You are quitting now. You paid yourself off, didn't you?" She said, "Yes." Mr. Leggett said, "That is what I call stealing."

The testimony of defendant with respect to his use of the word "stealing" was as follows: "As we met right in the center of the office, Lucille said, 'Mr. Leggett, I am quitting, I have paid myself off.' At that time I noticed she had a pay envelope like the ones we use regularly to pay off and she also had some paper money in her hand, I don't know how much. . . . I felt that she had paid herself off through the day and I asked her, 'You mean that you are paying yourself off now without finishing the payroll.' She says, 'Yes.' I said, 'Lucille, under those conditions, if you are paying yourself off through the day and not going to finish the day, that is the same thing as stealing.' She said, 'Don't you think I am worth a little something extra for the extra work I have given you.' I made no reply." No one was in the office during this conversation except the plaintiff and the defendant.

The plaintiff testified that the defendant spoke in a loud tone of voice. A portion of the office was enclosed by a counter, four or five feet high. Plaintiff testified that machinery in the laundry made a lot of noise; that there were some customers along with some employees in other parts of the establishment but she did not know who they were.

Later, the plaintiff went to the cold storage vault in the basement of the building and got out some of her clothes. When the defendant saw her leaving the vault, he inquired as to what she was going to do with the clothes. She informed the defendant that they belonged to her and that she was going to take them home. Defendant told her she owed him $35.00 for money she had taken in May 1955 and that she had to pay him before she took the clothing. She admitted taking the money from a cash box in the vault and said she had left her signed receipt therefor; that the defendant had authorized her to borrow money from the cash drawer any time she needed money and he was absent. Defendant denied he had given the plaintiff any such authority. The plaintiff promised to pay the $35.00 but refused to leave the clothes with the defendant until she had done so. The defendant and an employee of the defendant took the clothes from her by force. Plaintiff went home and returned with her mother. She offered testimony to the effect that the defendant, in the presence of her mother and another employee of the defendant, charged her with stealing the $35.00 she took from the cash box in May 1955. The defendant denied that he made any such accusation.

On the first cause of action the jury returned a verdict in favor of plaintiff on the assault issue and awarded compensatory damages, but denied any recovery on the issue of punitive damages.

On the second cause of action the jury answered the first issue in favor of the defendant.

Plaintiff appeals, assigning error.

*LeRoy Scott and John A. Wilkinson for appellant.*
*Junius D. Grimes, Jr., and W. B. Carter for appellee.*

DENNY, J.   There is no appeal from the verdict and judgment in the first cause of action.

The plaintiff insists that her motion for judgment on the pleadings in the second cause of action should have been allowed.  She contends the answer is evasive and that it is impossible to determine which allegations in the complaint are admitted and which are denied, and, as a consequence, she was entitled to judgment in the court below for want of an answer.

It appears from the record that before the introduction of any evidence in the trial below, the plaintiff moved to strike the defendant's answer as to the second cause of action and for judgment on the pleadings.  The motion was overruled and an exception noted.  However, no exception to the failure to strike has been preserved.  The assignment of error based on the ruling is directed only to the refusal of the court to render judgment on the pleadings.

The answer admitted or denied the allegations of the complaint in the first cause of action except as to paragraph three in which, and in the answer to each and every paragraph in the second cause of action, there is a denial, "except that part thereof which may be admitted in the further answer and defense."

The further answer and defense was not stated separately as to the first and second causes of action, but consists of the defendant's version of what occurred in connection with the matters and things alleged in both causes of action.  It contains to a large extent purely evidentiary matter that might have been stricken.  However, in our opinion, the answer is not so evasive and indefinite that it fails to deny the pertinent allegations of the complaint, and we so hold.  Neither do we construe the further answer and defense to plead mitigation or justification of the alleged slanderous words set forth in the second cause of action, as contended by the plaintiff.  This assignment of error is overruled.

In the second cause of action the plaintiff alleges two statements or sets of words which she contends were slanderous, but which were not uttered during the same conversation.  Therefore, each set of words should have been pleaded in separate causes of action.  The failure to do so, however, did not, in our view of this case, prejudice the rights of the parties.  *Cf. Elmore v. R. R.,* 189 N.C. 658, 127 S.E. 710.  More-

over, the plaintiff is not in a position to complain about the form of her own pleadings.

The words which she alleges charged her with stealing in connection with paying herself off, were not submitted to the jury. On the first issue in the second cause of action, the court instructed the jury as follows: "There are two sets of words referred to in the complaint. One set is as follows: 'That is what I call stealing, paying yourself off when you have not earned the money.' But, gentlemen, because of the evidence in this case, I instruct you that the issue is not referring to those words, for this reason. There is no evidence showing that those words were spoken in the presence and hearing of any person other than the plaintiff and the defendant." To this portion of the charge there is no exception. The appellant does except, however, to that portion of the charge which was given immediately thereafter, to wit: "There was some evidence to the effect that there were employees working in there and other folks in there but there is no evidence from which it could be said that anybody else heard those words. And, therefore, I instruct you that as to that incident, that alleged incident and those alleged words, that would not be sufficient, the evidence is not sufficient to support the cause of action for slander, based upon the utterance of those words."

We have carefully reviewed the evidence bearing on the question as to whether or not there was any publication of the accusation allegedly made against the plaintiff by the defendant in the conversation between them which took place in the office of the defendant immediately after the plaintiff paid herself off. In our opinion, the evidence with respect to publication is not sufficient to support a finding that anyone other than the plaintiff and the defendant heard the conversation. A mere possibility that someone might have heard the alleged conversation is not enough. *Wright v. Credit Co.,* 212 N.C. 87, 192 S.E. 844; *McKeel v. Latham,* 202 N.C. 318, 163 S.E. 747. There must be competent evidence from which the jury might find that there was a publication of the alleged slanderous words before the plaintiff is entitled to go to the jury on the issue as to defamation and publication. 33 Am. Jur., Libel and Slander, section 90, page 103; 53 C.J.S., Libel and Slander, section 79, page 127; *Hedgepeth v. Coleman,* 183 N.C. 309, 111 S.E. 517, 24 A.L.R. 232; *McKeel v. Latham, supra; Alley v. Long,* 209 N.C. 245, 183 S.E. 294; *Wright v. Credit Co., supra; Satterfield v. McLellan Stores,* 215 N.C. 582, 2 S.E. 2d 709; *Taylor v. Bakery,* 234 N.C. 660, 68 S.E. 2d 313. Hence, the action of the court below in refusing to submit to the jury the excluded set of words as a cause of action will be upheld.

The slanderous words as set out in the second cause of action, to the effect that the defendant, in the presence of plaintiff's mother and

another employee of defendant, said to the plaintiff, "You stole $35.00 of my money," were submitted to the jury upon an appropriate charge in substantial accord with our decisions, and the exceptions thereto are without merit.

We have examined the remaining exceptions and assignments of error, and, in our opinion, no prejudicial error has been made to appear that would justify disturbing the result of the trial below.

No error.