WILLIAM HOWARD WEST, JR., AND WIFE, CAROLYN SUE WEST v. KING'S DEPARTMENT STORE, INC.

No. 466A87

(Filed 9 March 1988)

1. **False Imprisonment § 2.1— restraint by department store manager—evidence sufficient**

   A directed verdict for defendant on Mr. West's claim for false imprisonment was improper where the evidence supported the contention that Mr. West was intimidated into staying in the store for nearly an hour by the repeated threats of the manager to arrest him; that Mr. West could have reasonably concluded that such was within the manager's power because of the presence of a police officer during the encounter; and Mr. West made several offers of proof that his purchase was legitimate which were rebuffed by the store manager. Although Mr. West was allowed to walk outside to his jeep at one point during the confrontation, remained in the store for a short time after the confrontation, and realized upon reflection that he could not have been arrested at that time, the restraint requirement of this action requires no appreciable period of time, simply sufficient time for one to recognize his illegal restraint.

2. **False Imprisonment § 2.1— restraint by department store manager—evidence insufficient**

   The trial court properly granted a directed verdict on Mrs. West's claim for false imprisonment where she was not accompanying her husband when he was confronted by the store manager and was not present when the manager, accompanied by a police officer, made several threats of prosecution and arrest.

3. **Libel and Slander § 16— slander—confrontation with department store manager—evidence insufficient**

   In an action for slander arising from a confrontation with a department store manager in which plaintiffs were accused of stealing merchandise, plain-

tiffs' evidence was insufficient to show that anyone other than plaintiffs themselves heard the accusations made by defendant's store manager even though there was evidence that others gathered in front of the store during the course of the altercation. No evidence was presented that anyone actually heard the alleged slanderous remarks or that they were understood.

**4. Trespass § 2— confrontation with department store manager—intentional infliction of emotional distress—evidence sufficient**

The trial court improperly granted a directed verdict for defendant on an action for intentional infliction of emotional distress arising out of a confrontation with a store manager over allegedly stolen merchandise where the extreme and outrageous conduct of the store manager was manifest; Mr. West warned the manager that his wife was receiving out-patient care at a local hospital and could not withstand a confrontation such as this; notwithstanding that warning and Mr. West's offer of proof of purchase, the store manager confronted Mrs. West as soon as he saw her and made similar accusations against her; the store manager's remarks as plaintiffs left the store left plaintiffs under a continuing apprehension of prosecution for a year after the incident; both plaintiffs required medical treatment; and Mrs. West's previous condition was exacerbated.

APPEAL by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 86 N.C. App. 485, 358 S.E. 2d 386 (1987), affirming directed verdicts for defendant, entered by *Walker, J.,* on 17 September 1985, in Superior Court, FORSYTH County. Heard in the Supreme Court 8 February 1988.

*Pfefferkorn, Pishko & Elliot, P.A., by Ellen R. Gelbin and William G. Pfefferkorn, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and J. Daniel McNatt, for defendant-appellee.*

FRYE, Justice.

Plaintiffs' evidence tends to show that on 7 November 1981, plaintiffs, William and Carolyn West, packed their three children and Mr. West's mother into their Ford Bronco and set out for the "Giant Liquidation Sale" held that day at King's Department Store. When they arrived, they found the store quite disorganized and the merchandise displaced and picked-over. Nonetheless, their search for bargains began.

Two dolly hand trucks caught the eye of Mr. West as he browsed through the store. Noticing that the hand trucks were

being "eyed" by another shopper, Mr. West decided to purchase them while they remained available. The trucks each apparently bore two or more price tags, all showing identical prices of $34.99 each. Mrs. West and her mother-in-law took money from Mr. West and purchased the dollies at the cashier's line. The cashier totalled the prices, added tax, and then discounted the sale by fifty percent. The cashier gave Mrs. West a receipt and Mrs. West left the store with her mother-in-law and locked the dollies in the Bronco. They both returned to the store and Mrs. West gave the receipt and change from the purchase to her husband.

The Wests soon realized that the store management was paging the owner of a Ford Bronco (jeep). Mr. West went to see if there was a problem. He left Mrs. West and his mother behind to watch the children and to continue their shopping. Upon reaching the front of the store, Mr. West saw a police officer and asked whether anyone had hit his jeep. There, the store manager accused him of stealing merchandise. The manager threatened him with arrest if he did not return the goods. Mr. West stated that he did not know to what the manager was referring. The manager repeated the accusation and threat of arrest and Mr. West, finally understanding that the goods in question were the dollies, showed the manager the receipt and change his wife received for the purchase of the goods.

The store manager disregarded the receipt as being "impossible" because the dollies were not for sale, but rather were for use by store employees for transporting merchandise within the store. Mr. West pleaded with the officer not to arrest him as he had indeed purchased the goods and was not a thief. The manager, however, continued his accusations of thievery while a number of customers formed small groups around the altercation that had now lasted some twenty minutes.

Attempting further to resolve this embarrassing matter, Mr. West explained that it had been his wife and mother who had purchased the dollies. The manager threatened to arrest them also. Mr. West asked the manager not to involve his wife because she was an outpatient at Forsyth Memorial Hospital and could not handle the aggravation and anxiety. Disregarding this warning, the manager, after spotting Mrs. West, confronted her and accused her of stealing the dollies. Mrs. West protested that she

had paid for them, received a receipt, and placed the goods in the jeep. The manager, however, continued his accusations.

Mrs. West located the cashier who had received payment for the dollies. The manager again ignored the proffer of the receipt and the verification by the cashier of the sale. At this time, the officer took the Wests out to their jeep to look at the dollies. By the time they had returned, the Wests had been detained for some seventy-five minutes. Mr. West then asked for the names of the police officer, the store manager, and the cashier. The manager refused to give the names, stating that if the Wests "got the names, then they would be arrested." Plaintiffs left the store without the requested names. Their last memory of this episode was the manager's reminder that they could be arrested for larceny anytime within the next year.

Plaintiffs sued for compensatory and punitive damages for false imprisonment, slander *per se,* and intentional infliction of emotional distress. At the close of plaintiffs' evidence, the trial court directed a verdict in favor of defendant on all three claims. The Court of Appeals affirmed the decision of the trial court finding that there was insufficient evidence upon which a reasonable jury could have returned a verdict in favor of the plaintiffs on any of the three causes of action. *West v. King's,* 86 N.C. App. 485, 358 S.E. 2d 386 (1987). Plaintiffs appealed to this Court on the basis of the dissenting opinion. N.C.G.S. § 7A-30(2) (1986).

In *Manganello v. Permastone, Inc.,* 291 N.C. 666, 231 S.E. 2d 678 (1977), this Court held that a motion by a defendant for a directed verdict under N.C.G.S. § 1A-1, Rule 50(a), tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. Therefore, in determining the propriety of the trial judge's ruling on defendant's motion for a directed verdict, plaintiffs' evidence must be taken as true and all the evidence must be considered in the light most favorable to the plaintiffs, giving them the benefit of every reasonable inference. *Anderson v. Butler,* 284 N.C. 723, 202 S.E. 2d 585 (1974). A directed verdict is improper unless it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish. *Id.*

With this standard as our guide, we shall determine whether the evidence introduced by plaintiffs, when viewed in a light most

favorable to them, is legally sufficient to withstand a motion for directed verdict. We shall address each claim in the order briefed by plaintiffs.

[1]   Plaintiffs' first claim is that they were falsely imprisoned by defendant's agent. False imprisonment is the illegal restraint of a person. While actual force is not required, there must be an implied threat of force which compels a person to remain where he does not wish to remain or go where he does not wish to go. *Black v. Clark's Greensboro, Inc.*, 263 N.C. 226, 139 S.E. 2d 199 (1964). Indeed, we have specifically held that:

> [f]orce is essential only in the sense of imposing restraint . . . . If the words or conduct are such as to induce a reasonable apprehension of force, and the means of coercion are at hand, a person may be as effectually restrained and deprived of liberty as by prison bars.

*Hales v. McCrory-McLellan Corp.*, 260 N.C. 568, 570, 133 S.E. 2d 225, 227 (1963).

The Court of Appeals found that neither Mr. West nor Mrs. West had been sufficiently restrained so as to support a claim of false imprisonment. We agree with the Court of Appeals' assessment as regarding Mrs. West, however, we find the record sufficiently supports Mr. West's claim of false imprisonment.

The evidence supports the contention, as observed by Judge Phillips in his dissent, that Mr. West was intimidated into staying in the store for nearly an hour, by the repeated threats to arrest him. Mr. West could have reasonably concluded that such was within the manager's power because of the presence of the officer during the encounter. Moreover, Mr. West made several offers of proof that his purchase of the dollies was in fact legitimate. Such offers, nonetheless, were rebuffed by the store manager.

Defendant argues that plaintiff husband is precluded from bringing this action because Mr. West was allowed to walk outside to his jeep at one point during the confrontation. Defendant further contends that because Mr. West remained in the store for a short time after the confrontation and because he realized, upon reflection, that he could not have been arrested at that time, his claim must fail. We disagree.

The restraint requirement of this action requires no appreciable period of time, simply sufficient time for one to recognize his illegal restraint. The tort is complete with even a brief restraint of the plaintiff's freedom. Prosser and Keaton, *Torts* § 11 (5th ed. 1984). Consequently, it is of little importance that Mr. West may have ventured out of the store at one time or even remained at the store after the altercation. What is important is that an illegal restraint occurred, however short, at some period during this confrontation. The period of the restraint will likely play upon the jury's award of damages but will not serve to defeat the action. *Id.*

When viewed in the light most favorable to plaintiff and giving to him all reasonable inferences, we find the facts surrounding Mr. West's detainment to be sufficient to take his case to the jury. A directed verdict on Mr. West's claim for false imprisonment was improper.

[2] The facts offered to support Mrs. West's claim for false imprisonment are not as persuasive. She was not accompanying her husband when he was confronted by the store manager. Nor was she present when the manager, accompanied by a police officer, made several threats of prosecution and arrest. It is the combination of such threats and the resulting apprehension that give rise to an action by the husband. Conversely, it is the lack of such facts that persuade us to agree with the courts below that plaintiff wife has not produced sufficient evidence to carry her claim to the jury.

[3] Plaintiffs, in their second assignment of error, contend that the Court of Appeals erred when it affirmed the granting of a directed verdict against them on their claim of slander *per se*. Because plaintiffs failed to prove publication, we affirm the decision of the Court of Appeals on this issue.

To establish a claim for slander *per se*, a plaintiff must prove: (1) defendant spoke base or defamatory words which tended to prejudice him in his reputation, office, trade, business or means of livelihood or hold him up to disgrace, ridicule or contempt; (2) the statement was false; and (3) the statement was published or communicated to and understood by a third person. *Presnell v. Pell,* 298 N.C. 715, 260 S.E. 2d 611 (1979); *Morrow v. King's Depart-*

*ment Stores,* 57 N.C. App. 13, 290 S.E. 2d 732, *disc. rev. denied,* 306 N.C. 385, 294 S.E. 2d 210 (1982).

While there was sufficient evidence to meet the first two elements of the tort, the evidence was insufficient on the third element. Plaintiffs failed to produce any evidence that anyone, other than the plaintiffs themselves, heard the accusations made by defendant's manager. There is evidence that others gathered in the front of the store during the course of the altercation. However, no evidence was presented that anyone actually heard the alleged slanderous remarks or that they were understood. Though plaintiffs are to be given the benefit of all reasonable inferences which may be drawn from the evidence when determining the propriety of a motion for directed verdict granted against them, a mere possibility that someone might have heard the alleged conversation is not enough. *Tyer v. Leggett,* 246 N.C. 638, 99 S.E. 2d 779 (1957). For this reason, the directed verdicts were properly allowed on the claims for relief based on slander *per se.* Because we agree with the Court of Appeals that a directed verdict was properly granted on this issue, we need not address plaintiffs' claims for punitive damages.

[4] Plaintiffs further contend that the Court of Appeals erred in affirming the trial court's grant of defendant's motion for a directed verdict on plaintiffs' claim of intentional infliction of emotional distress. When considered in the light most favorable to plaintiffs, we find sufficient facts to support the claim of both Mr. and Mrs. West.

Defendant argues that plaintiffs failed to show sufficient evidence to prove that the store manager's conduct was "extreme and outrageous." Further, defendant contends that plaintiffs failed to show sufficient evidence that defendant intended to inflict such emotional distress. We find ample evidence to support the claim.

In *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979), this Court held that liability arises under the tort of intentional infliction of emotional distress when a defendant's conduct exceeds all bounds of decency tolerated by society and the conduct causes mental distress of a very serious kind. We reaffirmed the vitality of this tort in *Dickens v. Puryear,* 302 N.C. 437, 276 S.E.

2d 325 (1981) and adopted the Restatement 2d of Torts § 46 definition as follows:

> [o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Id.* at 447, 276 S.E. 2d at 332 (citing Restatement 2d of Torts § 46 (1965) ).

The extreme and outrageous conduct of the store manager is manifest. Judge Phillips, in his dissent on the Court of Appeals, aptly wrote,

> [f]ew things are more outrageous and more calculated to inflict emotional distress on innocent store customers that have paid their good money for merchandise and have in hand a document to prove their purchase than for the seller or his agent, disdaining to even examine their receipt, to repeatedly tell them in a loud voice in the presence of others that they stole the merchandise and would be arrested if they did not return it.

*West v. King's*, 86 N.C. App. 485, 358 S.E. 2d 386 (Phillips, J., dissenting).

Furthermore, Mr. West warned the manager that his wife was receiving out-patient treatment at a local hospital and could not withstand a confrontation such as this. Notwithstanding this warning and Mr. West's offer of proof of purchase, the store manager confronted Mrs. West as soon as he saw her and made similar accusations against her. Though neither physical injury nor foreseeability of injury is required for intentional infliction of emotional distress, *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325, both of these factors go to the outrageousness of the store manager's conduct. Finally, the store manager's last remarks to the Wests as they left the store, a threat of prosecution in the future, left the Wests under a continuing apprehension of prosecution for a year after this incident. Both plaintiffs required medical treatment after the incident and Mrs. West's previous condition was exacerbated as a result of this sequence of events.

We find that these factors together constitute sufficient evidence upon which a reasonable jury could have returned a verdict in favor of the plaintiffs. His unrelenting attack, in the face of explanation, was both extreme and reckless under the circumstances. Since the intentional element of this tort may be accomplished through reckless behavior, we find this evidence sufficient to sustain a *prima facie* case of intentional infliction of emotional distress for both plaintiffs and the issue should have been sent to the jury. For that reason, we reverse the Court of Appeals on this point.

For the foregoing reasons, we reverse the decision of the Court of Appeals insofar as it affirms the trial court's directed verdict on the issues of Mr. West's false imprisonment claim and the claim of both plaintiffs for intentional infliction of emotional distress. We affirm the Court of Appeals on the claim of slander *per se* brought by both plaintiffs and on Mrs. West's claim for false imprisonment. This case is remanded to the Court of Appeals for further remand to the trial court for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.