898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Allen GOODEN, Plaintiff-Appellant,
v.
TOWN OF CLARKTON, NC, A municipal corporation; Linda
Revels; Steve Prince; Lawrence McDougald, Former
Commissioners, Town of Clarkton; Wade Tart; Roy Butler,
Cathy McEwen, Present Commissioners, Town of Clarkton; W.A.
Hall, Building Inspector, Town of Clarkton; Ralph Smith,
Chief of Police, Town of Clarkton; Dan Meshaw, individually
and as Mayor, Town of Clarkton; TOMMY BAYSDEN, and their
successors in office, Defendants-Appellees.
Robert Allen GOODEN, Plaintiff-Appellant,
v.
W.A. HALL, Building Inspector, Town of Clarkton, North
Carolina, Defendant-Appellee,
and
Town of Clarkton, NC, A municipal corporation; Linda
Revels; Steve Prince, Lawrence McDougald, Former
Commissioners, Town of Clarkton; Wade Tart; Roy Butler;
Cathy McEwen, Present Commissioners, Town of Clarkton; Dan
Meshaw, individually and as Mayor, Town of Clarkton; Tommy
Baysden, and their successors in office; Ralph Smith, Chief
of Police, Town of Clarkton, Defendants.
 Nos. 88-3630, 89-2019.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 30, 1989.
Decided: March 7, 1990.
Rehearing and Rehearing In Banc Denied March 30, 1990.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Franklin T. Dupree, Jr., Senior District Judge. (CA-87-56-CIV-7).
 Argued: Joseph Michael McGuinness, Swartz & Swartz, Boston, Mass., for appellant.
 Hoyt Gold Tessener, Womble, Carlyle, Sandridge & Rice, Raleigh, N.C., for appellees.
 On Brief: Marland C. Reid, Gregory Kornegay, Law Student, Reid, Lewis & Deese, Washington, D.C., for appellant.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and JAMES C. FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 These consolidated appeals arise from an action filed by plaintiff-appellant Robert Gooden against the Town of Clarkton, North Carolina, and various town officials. Appellant alleges that defendants violated his substantive due process and equal protection rights by refusing to give him a permit to rebuild a condemned structure owned by his parents, and violated his Fourth Amendment rights by arresting him for building without a permit. He also advances various state law claims, among them that defendant Hall's disparaging reference to him as a homosexual was defamatory and constituted the intentional infliction of emotional distress.
 
 
 2
 We affirm the district court's judgment for defendants both on the constitutional and state claims in this case.
 
 I.
 
 3
 On September 15, 1982, a fire destroyed a wood frame structure owned by plaintiff's parents and known as Lee's Grill in Clarkton, North Carolina. Plaintiff Robert Gooden, a resident of California, was operating Lee's Grill because his father was ill. After the fire, defendant Hall, the local building inspector, condemned the Lee's Grill building because he determined that it was more than 50 percent destroyed. See N.C. State Building Code Secs. 102(d)(2) & 105.12 (1984); N.C.Gen.Stat. Sec. 160A-426 (1987).
 
 
 4
 The building remained unused until the spring of 1985 when plaintiff began using it for storage and recreational purposes. Subsequently, plaintiff's mother Gertrude Gooden, who still owned the building, received a letter informing her of the condemnation and requesting that she appear at a public hearing. Both plaintiff and his mother attended the hearing. Eventually Mrs. Gooden received an approximately $70,000 insurance settlement on the property based upon a determination that it was almost totally destroyed.
 
 
 5
 On June 20, 1985, Hall obtained a warrant for plaintiff's arrest because Gooden had violated a stop order forbidding him to move or reconstruct the condemned building without a permit. See N.C.Gen.Stat. Sec. 160A-417; N.C. State Building Code Sec. 105.3(b). Gooden was not incarcerated and was released on his promise to return for trial. The criminal charges were eventually dismissed.
 
 
 6
 The Town of Clarkton subsequently filed a civil action against plaintiff on June 25, 1985, seeking to enjoin Gooden from performing any further work on the Lee's Grill building, and ordering that it be demolished. An official notice of condemnation was posted on the structure. The condemnation was later rescinded, however, along with all other condemnation actions by any Clarkton official, pending an investigation by the Town Council.
 
 
 7
 On May 12 and 13, 1986, plaintiff requested a building permit to perform further work on the condemned structure, but submitted no plans or specifications. North Carolina law requires that applicants provide specifications and drawings at the discretion of the Inspection Department. N.C. State Building Code Sec. 105.4(c). Defendant Hall indicated that he would not grant plaintiff's request until plans and specifications were submitted.
 
 
 8
 On August 12, 1986, defendant Baysden, the town trash collector, publicly assaulted plaintiff by striking him about the head, shoulders and stomach. Plaintiff and Baysden each secured warrants charging each other with assault. Baysden pled guilty to the criminal charges brought against him in Bladen County District Court. The charges against plaintiff were dismissed. The retention by the Town of Clarkton of defendants Hall and Baysden is the basis of plaintiff's negligent retention claim.
 
 
 9
 Plaintiff brought suit in United States District Court for the Eastern District of North Carolina against defendants Town of Clarkton and various officials and employees of the town in their individual and official capacities alleging federal and state constitutional claims (denial of the right to due process, equal protection, and freedom from unreasonable seizure) and state tort claims (malicious prosecution and abuse of process, defamation, assault and battery, negligent retention of town employees, and intentional infliction of emotional distress).
 
 
 10
 The district court granted summary judgment in favor of defendants on plaintiff's substantive due process and equal protection claims and on his claims of unreasonable seizure, malicious prosecution, abuse of process, and negligent retention. The intentional infliction claim against defendant Hall was tried to a jury which found for plaintiff and awarded $20,000 in compensatory and $10,000 in punitive damages. Subsequently, the district court granted defendant Hall's motion for judgment notwithstanding the verdict. This appeal followed.*
 
 II.
 
 11
 Appellant argues that defendants' actions violated various of his constitutional rights and that the Town of Clarkton negligently retained employees Baysden and Hall despite their alleged misconduct. The district court fully considered and rejected these claims and we agree with the court's analysis. Plaintiff's substantive due process and equal protection claims fail because he did not meet the statutory requirements for a building permit. Gooden was neither the owner of the property in question, nor did he submit plans and specifications as required by the North Carolina State Building Code. See N.C. State Building Code Secs. 105.4-5 & 302.4. Thus, any denial of such a permit by defendant could not violate Gooden's constitutional rights. It simply cannot be argued that Hall was "arbitrary and capricious" in denying the permit, see Marks v. City of Chesapeake, 883 F.2d 308, 310-11 (4th Cir.1989), since plaintiff had no legitimate claim to it. Allegations of a denial of due process ring hollow unless plaintiff possesses some underlying right or interest of which he could be deprived. The equal protection claim amounts to little more than a rehash of plaintiff's due process contentions. Plaintiff simply failed to show that similarly situated individuals were given building permits without meeting the statutory requirements.
 
 
 12
 Further, we agree with the district court that plaintiff's unreasonable seizure claim fails because the uncontradicted evidence shows that at the time of his arrest plaintiff was engaged in the very acts with which he was charged in the warrant. Finally, as the district court properly concluded, a negligent retention claim may not lie where the record is devoid of evidence that the Town of Clarkton had any knowledge of previous misconduct by the employees whose negligent retention is alleged.
 
 III.
 
 13
 Appellant further argues that the motion for JNOV on his claim of intentional infliction of emotional distress against defendant Hall was improperly granted. He contends that defendant Hall engaged in a continuous course of conduct over several years with intent to cause him emotional distress. While the allegations are various, they boil down to the following: appellant alleges that Hall arbitrarily denied Gooden a building permit, called him a "queer," stated that he intended to "get" Gooden, and used a colloquial vulgarism with reference to Gooden and the district attorney. We hold, as did the district court, that none of the three elements of the claim has been established.
 
 
 14
 A claim of intentional infliction of emotional distress requires proof of three elements under North Carolina law: (1) extreme and outrageous conduct by the defendant, (2) which is intended to cause or recklessly does cause, (3) severe emotional distress to the plaintiff. Dickens v. Puryear, 276 S.E.2d 325, 335 (N.C.1981). The tort is reserved for conduct which is "utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 340 S.E.2d 116, 123 (N.C.Ct.App.1986) (quoting Restatement (Second) Torts, Sec. 46 comment (d) (1965)).
 
 
 15
 We agree with the district court that appellant has simply failed to satisfy the elements required to make out a claim of intentional infliction of emotional distress. First, defendant's conduct was not "extreme and outrageous." Appellant argues that defendant Hall refused to issue him a building permit in order to carry out a personal vendetta against Gooden and cause him emotional harm. However, as noted in the district court's discussion of appellant's constitutional claims, Hall's actions were entirely appropriate under the North Carolina Building Code. Gooden was neither the owner of the building nor did he submit plans and specifications as required. It would be anomalous to hold that Hall acted "outrageously" when he correctly applied the law.
 
 
 16
 Hall's crude remarks about appellant surely constitute offensive conduct. However, courts have not held that every instance, even of indisputably offensive conduct, gives rise to a claim of intentional infliction of emotional distress. For example, "mere insults, indignities [and] threats" are not actionable under the rubric of this tort. Hogan, 340 S.E.2d at 123 (quoting Restatement (Second) Torts, Sec. 46 comment (d) (1965)). The "law [does not] intervene in every case where someone's feelings are hurt." Id. In Johnson v. Bollinger, 356 S.E.2d 378 (N.C.Ct.App.1987), the court refused to impose liability where a defendant shook his hand in plaintiff's face, shouted profanities in a loud and offensive manner and said he would "get" plaintiff. The court reasoned that, although the behavior was offensive, the facts did not evidence the "extreme [or] outrageous conduct" necessary to make out a cause of action for intentional infliction of emotional distress. Id. at 382.
 
 
 17
 The instant case stands in sharp contrast to West v. King's Dept. Store, Inc., 365 S.E.2d 621 (N.C.1988), relied on by appellant. In West, the defendant store manager confronted plaintiffs in front of other customers and loudly and falsely accused them of stealing merchandise despite evidence of paid receipts. Similarly, Hall's alleged statements do not approach the situation in Woodruff v. Miller, 307 S.E.2d 176 (N.C.Ct.App.1983), also relied on by appellant. In Woodruff a long-time high school principal recovered because defendant posted a thirty-year-old criminal conviction on the local post office "Wanted" board alongside posters for unapprehended criminals. Each of the above cases involved the intentional subjection of plaintiffs to severe and excruciating public ridicule which differentiates them from cases which involve nothing more than the daily commerce in unkind comment.
 
 
 18
 In sum, the totality of Hall's behavior is simply not comparable to North Carolina cases imposing liability for intentional infliction of emotional distress. For example, Hall's actions did not involve sexual harassment, Hogan v. Forsyth Country Club Co., 340 S.E.2d 116 (N.C.Ct.App.1986); Brown v. Burlington Industries, Inc., 378 S.E.2d 232 (N.C.Ct.App.1989), physical abuse, Dickens v. Puryear, 276 S.E.2d 325 (N.C.1981), or harassment in the work place, Dixon v. Stuart, 354 S.E.2d 757 (N.C.Ct.App.1987); English v. General Electric Co., 683 F.Supp. 1006 (E.D.N.C.1988). While Hall's conduct merits condemnation, his acts fall within the range of "rough language, and ... occasional acts that are ... inconsiderate and unkind," but against which we all are "expected and required to be hardened." Johnson, 356 S.E.2d at 382.
 
 
 19
 Plaintiff fares no better on the remaining two elements of his cause of action. For example, the infliction of emotional distress must be intended. But as the district court noted:
 
 
 20
 Even if it were possible to consider the evidence regarding defamation in support of plaintiff's cause of action for emotional distress, plaintiff would still have the burden of proving that Hall intended by his defamatory statements to cause the plaintiff emotional distress. Here plaintiff's evidence fails him. Hall offered testimony, largely uncontradicted, that plaintiff's reputation in the Clarkton community was that he was a homosexual. This testimony by several witnesses to the effect that it was common knowledge that plaintiff was a homosexual, supports Hall's contention that he certainly did not intend to cause Gooden extreme emotional distress. Rather, it supports the inference that Hall merely intended to state what he understood to be common knowledge in the community and that in no aspect of the matter could this be considered extreme and outrageous conduct.
 
 
 21
 Finally, we also agree with the district court that plaintiff's evidence is insufficient to sustain a jury verdict on the element of the extremity of distress actually suffered. The record contains only plaintiff's bare assertions of loss of sleep and emotional strain, but no allegation that he sought medical attention or discussed the problem with friends and neighbors or was unable to function day to day. No corroborating evidence of mental distress was presented by plaintiff or any other witness. We cannot say that appellant has suffered emotional distress "of a very serious kind." Stanback v. Stanback, 254 S.E.2d 611, 622 (N.C.1979) (quoting Prosser, The Law of Torts, Sec. 12 (4th ed. 1971)); West, 365 S.E.2d at 625.
 
 IV.
 
 22
 Appellant finally argues that, at the close of the evidence, the trial court improperly forced him to choose between causes of action for emotional distress and defamation. We agree that the forced election between plaintiff's claims of intentional infliction of emotional distress and defamation was inappropriate. However, much of what we have said in the previous section is pertinent to the present claim. Since the district court found evidence, largely uncontradicted, that Gooden had a reputation in the community for being a homosexual, the record does not support a cause of action for defamation. A directed verdict on this claim would thus have been warranted. See Tyson v. L'Eggs Products, Inc., 351 S.E.2d 834, 840 (N.C.Ct.App.1987) (To recover for defamation "plaintiff must allege and prove that the defendant made false defamatory statements of or concerning the plaintiff's reputation" (emphasis added).); Williams v. State Farm Mut. Auto Ins. Co., 312 S.E.2d 905, 907 (N.C.Ct.App.1984) ("To be actionable, the statement must be false.").
 
 V.
 
 23
 For the foregoing reasons the judgment of the district court is in all respects
 
 
 24
 AFFIRMED.
 
 
 
 *
 The jury returned a verdict against defendant Baysden for assault and battery, slander, and malicious prosecution, and awarded damages of $55,002. Baysden did not appeal