MERCEDES MORAS HARRIS v. PAUL TEMPLE AND THE KROGER COMPANY

No. 8912SC649

(Filed 19 June 1990)

1. **Libel and Slander § 16 (NCI3d)— statement communicated to another — sufficiency of evidence**

In an action for slander, evidence was sufficient to be submitted to the jury on the issue of whether defendant's statement was published or communicated to and understood by a third person where the evidence tended to show that defendant accused plaintiff of giving a worthless check for groceries, a statement easily understood by anyone who heard it; plaintiff's testimony that defendant was a few feet away from her when he made the remarks and that she heard him was some evidence that others a similar distance from the speaker also heard; and at the time the statement was made there were people an arm's length away from plaintiff entering the store, a lady directly behind plaintiff whose exit was blocked by the incident between plaintiff and defendant, bag boys, a cashier, and customers at the closest checkout counter ten

HARRIS v. TEMPLE

[99 N.C. App. 179 (1990)]

feet away, and others further away who were still close enough to hear.

**Am Jur 2d, Libel and Slander § 444.**

**2. Libel and Slander § 18 (NCI3d) — punitive damages — sufficiency of evidence to support**

Evidence in an action for slander was sufficient to support an award for punitive damages where defendant falsely accused plaintiff of giving a worthless check for merchandise, a criminal offense involving moral turpitude, and the law therefore presumed actual damages; and that defendant acted maliciously and with reckless indifference to the truth and plaintiff's rights was indicated by evidence tending to show that without making any inquiry at all into the validity of plaintiff's check, which could have been ascertained by a phone call, and based only on the irrelevant report that checks of her husband had been returned almost two years earlier, he loudly charged her with a criminal offense in the presence of many other people, continued to do so despite her explanation and protests, and in effect forced her to go through the humiliating experience of returning the groceries she had bought and the change received and departing from the store empty-handed.

**Am Jur 2d, Libel and Slander §§ 352, 353.**

APPEAL by defendants from judgment entered 28 February 1989 and order entered 15 March 1989 by *Judge Wiley F. Bowen* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 6 December 1989.

*A. Maxwell Ruppe for plaintiff appellee.*

*Young, Moore, Henderson & Alvis, P.A., by David P. Sousa and Knox Proctor, for defendant appellants.*

PHILLIPS, Judge.

[1] The trial of this action for slander ended in plaintiff obtaining judgment for $3,500 in compensatory damages and $7,500 in punitive damages for being falsely accused by the defendants of giving the Kroger store a worthless check for groceries. Since the action is for slander *per se*, the verdict and judgment can stand only

if the evidence presented is sufficient to establish the following: (1) That defendant spoke base or defamatory words which tended to prejudice her in her reputation, office, trade, business or means of livelihood or hold her up to disgrace, ridicule or contempt; (2) that the statement was false; and (3) that the statement was published or communicated to and understood by a third person. *West v. King's Department Store, Inc.,* 321 N.C. 698, 365 S.E.2d 621 (1988). That the evidence tends to establish the first two elements of the action is obvious and defendants do not argue otherwise; their argument is only that the evidence is insufficient to establish the third element.

When viewed in the light most favorable to plaintiff the evidence in pertinent part indicates the following: In October, 1985 plaintiff began buying groceries from the Kroger store on Ramsey Street in Fayetteville. In January, 1986, she applied for and received a card from Kroger's authorizing her to cash checks at the store. After that in buying groceries she gave the store thirty-eight checks, all of which were duly honored by her bank. On 23 September 1986 plaintiff, who was eight months pregnant, went to the store, selected groceries costing just under $30, paid with a $40 check approved by the cashier, and received the difference in cash. As she was about to leave the store she was stopped in the exit doorway by Paul Temple, an assistant store manager, who in a loud voice within the hearing of several other people accused plaintiff of writing a bad check for her groceries and demanded that she return the groceries and money she received as change. Temple testified that: He "was not aware that Mrs. Harris had been a regular Kroger customer, nor that she had a check cashing card;" but that he was informed that three checks of plaintiff's husband written on June 6 and June 7, 1984—more than a year before plaintiff married him and moved to Fayetteville—had been returned marked "insufficient funds," and that he stopped plaintiff because of the husband's "bad check" record. Other evidence by plaintiff indicated that no one but plaintiff could write checks on her account and that her husband's alleged bad checks were forgeries following the theft of his checkbook.

Defendants' main reliance is on *West v. King's Department Store, Inc., supra,* where the Court affirmed a directed verdict against plaintiff customer's slander *per se* claim under circumstances that were similar to but distinguishable from those recorded here. In *West,* while plaintiff's evidence showed that several other people

gathered in front of the store while she was being accused of taking merchandise without paying for it, it failed to show, so the Court held, that any of those people heard the slanderous charges and understood them. In that case the proximity of the onlookers to the speaker of the slander did not clearly appear and the court said that the evidence indicated only a possibility that someone might have heard the slander and that is not enough. *Tyer v. Leggett*, 246 N.C. 638, 99 S.E.2d 779 (1957). *West* does not hold, of course, nor does any other case of which we are aware, that publication of slanderous words cannot be proven by circumstances indicating that other persons were close enough to hear and understand the words. In *Southwest Drug Stores of Mississippi, Inc. v. Garner*, 195 So.2d 837 (1967); *Gaudette v. Carter*, 100 R.I. 259, 214 A.2d 197 (1965); *Pelot v. Davison-Paxon Co.*, 218 S.C. 189, 62 S.E.2d 95 (1950); *Little Stores v. Isenberg*, 26 Tenn. App. 357, 172 S.W.2d 13 (1943); and *Safeway Stores v. Rogers*, 186 Ark. 826, 56 S.W.2d 429 (1933), evidence similar to that recorded here was held to raise a jury question as to whether the slanderous words were heard and understood by other persons in the area. *See also* 50 Am. Jur. 2d *Libel and Slander* Sec. 151, p. 658 (1970); Annotation, *Defamation: Actionability of Accusation or Imputation of Shoplifting*, 29 A.L.R. 3d 961, 985-87 (1970).

The circumstances testified to in this case are clearly sufficient to support a finding that Temple's slanderous remarks were heard and understood by several people other than plaintiff. As to the understanding part, there is nothing ambiguous about an accusation that one has given a worthless check for merchandise; to hear such words is to understand them unless one is *non compos mentis*. And that plaintiff heard the slanderous remarks spoken in a loud voice from a few feet away, as she testified she did, is some evidence that others a similar distance from the speaker also heard. As to others being in position to hear the words just as readily as she did, plaintiff testified that:

> The entrance and exit doors are right beside each other separated by a frame. At the time Mr. Temple was talking to me, there were people going into the store that were less than an arm's length distance from me. When I was talking to Mr. Temple, they were looking at me. When Mr. Temple started pulling my cart forward into the alcove, I looked behind me and there was a lady right behind me who couldn't get out because I was right there. There were bag boys and checkout

girls at the other checkout booths and I was approximately 10 feet from the closest checkout counter.

This is evidence that Temple's loudly spoken words were heard by a large number of people—those within an arm's length of plaintiff entering the store, the lady immediately behind her, the bag boys, cashier, customers at the closest checkout counter, and others still further away than that. For it is a matter of common knowledge and experience that in the absence of some unusual noise that drowns them out words spoken at an ordinary conversational level in enclosed spaces such as the store in question are usually heard without difficulty by people who are ten or fifteen feet away from the speaker; it happens regularly in courtrooms, conference rooms, and offices to our knowledge and we know of no reason that would warrant a holding that as a matter of law sound is less penetrating in a supermarket. Since there is no evidence of any noises that might have drowned out Temple's accusations, and the evidence is that he made them in a loud voice, it is inferable that they were heard well beyond a distance of 10 to 15 feet by those in the vicinity of the other checkout counters. Furthermore, that at Temple's direction and pursuant to his accusation plaintiff returned the groceries and the change received from the store to the cashier and the cashier returned plaintiff's check to her is also some evidence that the cashier heard that the exchange had to be made because plaintiff's check was no good.

[2] Defendants' further contention—that the evidence does not support the award of punitive damages—is also without merit. Punitive damages for slander are allowable when actual damages are sustained and defendant's conduct was malicious, wanton, or recklessly indifferent to the truth and plaintiff's rights. *Cotton v. Fisheries Products Co.*, 181 N.C. 151, 106 S.E. 487 (1921); *Bowden v. Bailes*, 101 N.C. 612, 8 S.E. 342 (1888). In this case defendants having falsely accused plaintiff of giving a worthless check for merchandise in violation of G.S. 14-106, a criminal offense involving moral turpitude, *Oates v. Wachovia Bank and Trust Co.*, 205 N.C. 14, 169 S.E. 869 (1933), the law presumes that actual damages were sustained, as the jury found, and plaintiff did not have to prove them. *Badame v. Lampke*, 242 N.C. 755, 89 S.E.2d 466 (1955). And that defendant Temple acted maliciously and with reckless indifference to the truth and plaintiff's rights is indicated by evidence tending to show that without making any inquiry at all into the validity of plaintiff's check, which could have been ascertained by

a phone call, and based only upon the irrelevant report that checks of her husband had been returned almost two years earlier, he loudly charged her with a criminal offense in the presence of many other people, continued to do so despite her explanation and protests, and in effect forced her to go through the humiliating experience of returning the groceries she had bought and the change received and departing from the store empty-handed. *Cotton v. Fisheries Products Co., supra; Ward v. Turcotte,* 79 N.C. App. 458, 339 S.E.2d 444 (1986).

No error.

Judges WELLS and GREENE concur.