Samuel Roy **PRUETT**, Plaintiff,

v.

**TOWN OF SPINDALE, NORTH CAROLINA; D.C. Justice, Floyd Crawford, and Tom Lawrence, in their official capacities as police officers for the Town of Spindale, N.C.; and Rutherford County, North Carolina, Defendants.**

No. 1:00CV162–C.

United States District Court,
W.D. North Carolina,
Asheville Division.

Jan. 5, 2001.

**444**

Thomas DuBose Roberts, Asheville, NC, for Plaintiff.

Sandra M. King, Russell & King, P.A., Frank J. Contrivo, Andrew J. Santaniello, Asheville, NC, Scott D. MacLatchie, Womble, Carlyle, Sandridge & Rice, Charlotte, NC, for Defendants.

## ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendant D.C. Justice's Motion to Dismiss. Plaintiff timely filed a response, to which no reply was filed. After careful consideration of Defendant Justice's motion and review of the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

In this action brought pursuant to 42, United States Code, Section 1983, plaintiff contends that he was falsely arrested and subjected to excessive force by officers of the Spindale, North Carolina, Police Department. According to plaintiff, he sustained injuries during his arrest; defendant D.C. Justice beat and kicked him about his head and body, intentionally inflicting serious physical injuries; and plaintiff was thereafter denied medical attention while in the county jail. For causes of action against this defendant, plaintiff asserts a "First Cause of Action" for "Civil Rights Violations" and a "Second Cause of Action" for "intentional infliction of emotional distress."

Plaintiff's pleading is problematic, in that it fails to heed the requirement of Rule 10(b), Federal Rules of Civil Procedure, that each claim be set forth separately. Within the "First Cause of Action," there appear to be the following claims asserted under 42, United States Code, Sections 1983 and 1985:

(1) unlawful search, in violation of the fourth amendment;

(2) unlawful seizure, in violation of the fourth amendment;

(3) arbitrary arrest and incarceration, in violation of the fifth and fourteenth amendments;

(4) excessive force in effecting arrest, in violation of the fifth amendment;

(5) denial of due process, in violation of the fifth and fourteenth amendments; and

(6) civil conspiracy, in violation of Section 1985.

Such claims are multiplied, if plaintiff's preamble to his complaint is correct and he is also bringing this action under the North Carolina Constitution.

Defendant D.C. Justice is also implicated in the "Second Cause of Action," which is a supplemental claim under North Carolina law for intentional infliction of emotional distress, which appears to contain the following mixed bag of state and federal claims against this defendant:

(7) common-law assault;

(8) common-law battery;

(9) common-law false imprisonment;

(10) common-law intentional infliction of emotional distress; and

(11) denial of medical treatment, in violation of the eighth amendment.

Defendant Justice has moved to dismiss the claims of unlawful arrest, conspiracy, and intentional infliction of emotional distress. In his response, plaintiff has requested leave to cure any pleading errors.

## II. Standard

■ In moving for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure, Defendant Justice contends that plaintiff has failed to state cognizable claims. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984);

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory .... What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.*, 109 S.Ct. at 1832 (citation omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the complaint and viewed them in a light most favorable to plaintiff.

## III. Substantive Review

A common error made in Section 1983 pleading is attempting to allege too much. Typically, a claim has a core of facts from which a primary cause of action can be discerned. Instead of sticking with that core claim, and the natural supplemental claims that flow from state law, civil-rights litigants attempt to expand that claim exponentially. The problem with such an approach is that a great deal of time and resources are expended culling the wheat from the chaff through motions to dismiss, and a plaintiff takes a chance the court will throw out the good with the bad.

■ By the court's count, plaintiff has attempted to allege 11 causes of action against this defendant, which does not take into account the mystery state constitu-

tional claims, which are forecast in the preamble to the complaint, but not included in the claims. While there are systemic problems with the complaint, the court cannot assist plaintiff, who is represented by counsel, in formulating a better pleading. The court will limit its discussion herein to the areas of dismissal sought by defendant. Plaintiff is advised, however, that while he is the master of his complaint, a shotgun approach seldom works to the advantage of either side. Although plaintiff may take issue with everything that occurred, he should identify what he believes to be actionable wrongs and allege facts that, if taken as true, would support a finding in his favor. Even though there is no heightened pleading standard for civil-rights actions, a narrowly tailored complaint with a concise statement of what allegedly occurred, including charges leveled and convictions/acquittals obtained, brings clarity to litigation.

### A. Unconstitutional Search and Unconstitutional Seizure

#### 1. Search

 A Section 1983 cause of action for unlawful search exists under the fourth amendment where a plaintiff can allege facts that tend to show that a state actor exceeded the bounds of the fourth amendment. Under *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), police may conduct a full search of an arrestee's person after executing a valid custodial arrest, regardless of the nature of offense. A search incident to lawful arrest should be limited to the arrestee's person and the area within the arrestee's immediate control. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *United States v. Litman,* 739 F.2d 137 (4th Cir.1984). As incident to an arrest of a person in a dwelling, police may, as a precautionary matter and without

probable cause or reasonable suspicion, look into closets and other spaces immediately adjoining the place of arrest from which an instant attack could be launched. *Maryland v. Buie,* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). Beyond that, there must be articulable facts which, taken together with rational inferences from those facts, would warrant a reasonably prudent officer to believe that the area to be swept harbors an individual posing danger to those on the scene. *United States v. Baker,* 577 F.2d 1147, 1152 (4th Cir.), cert. denied, 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 153 (1978). Review of the complaint reveals no allegations of fact concerning the scope of the search and describing how it exceeded the bounds of the fourth amendment. Plaintiff will be granted leave to amend his complaint.

#### 2. Seizure

 Plaintiff's next cause of action is for unlawful seizure under the fourth amendment. An arresting officer must have probable cause to believe that the person arrested committed an offense. Probable cause exists if "at that moment the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). An arrest based on probable cause does not violate the fourth amendment, even if the wrong person is arrested. *Mensh v. Dyer,* 956 F.2d 36, 39 (4th Cir.1991). An arrest warrant is required for an arrest inside a home, absent exigent circumstances, *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), such as hot pursuit of a fleeing felon, imminent de-

struction of evidence, a need to prevent a suspect's escape, or a risk of danger to police or other persons inside or outside the dwelling, *Minnesota v. Olson,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). A suspect who stands in public view in a doorway when police arrive forfeits home protection and can be arrested without a warrant, *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); but a suspect who opened the door only halfway in response to the officers' knock and attempted to close it when he saw who was there does not voluntarily expose himself to the public, *United States v. McCraw,* 920 F.2d 224, 229 (4th Cir.1990). The facts alleged by plaintiff are insufficient for this court to determine whether a cause of action for unlawful seizure of his person has been asserted. Typically, the "reasonable" investigation required when a complaint of an in-progress domestic disturbance is received is to immediately visit the home, inasmuch as life is at risk. Rather than summarily dismiss this claim, the court will require plaintiff to amend his pleading to provide a more specific statement.

**B. Conspiracy Claims Under Section 1985**

Plaintiff concurs with defendant that he has not stated a claim under Section 1985 for conspiracy. *See* Response, at 2. Such claim, therefore, will be dismissed.

**C. Intentional Infliction of Emotional Distress**

 In addition to claims made pursuant to the laws of the United States, plaintiff has claimed intentional infliction of emotional distress. This court's jurisdiction over that claim (as well as plaintiff's other state-law claims) is pursuant to statutory supplemental jurisdiction, which provides that a federal court's original jur-

isdiction extends to nonfederal claims when the federal question is substantial and the claims asserted could be brought in one proceeding. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The elements of the tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." *Hogan v. Forsyth Country Club,* 79 N.C.App. 483, 488, 340 S.E.2d 116, *disc. rev. denied,* 317 N.C. 334, 346 S.E.2d 140 (1986). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery." *Id.,* at 490, 340 S.E.2d 116. Conduct is extreme and outrageous when it "exceed[s] all bounds of decency," *West v. King's Dep't Store, Inc.,* 321 N.C. 698, 365 S.E.2d 621, 625 (1988); and is " 'regarded as atrocious, and utterly intolerable in a civilized community,' " *Wagoner v. Elkin City Schools' Bd. of Educ.,* 113 N.C.App. 579, 440 S.E.2d 119, 123 (1994) (citation omitted).

 Plaintiff's allegations that excessive force was used in his arrest and that he was beaten in such a manner as to cause permanent physical damage is an allegation that would satisfy the first element. The court can imagine no act more "intolerable in a civilized community" than a police officer's gratuitous use of physical force. Plaintiff's complaint, however, is lacking, for he has not alleged *severe* emotional distress, only "emotional distress." Complaint, at ¶ 13(f). Plaintiff will be required to reform his complaint, if that can be done in good faith. Typically, such an amendment will be futile unless a plaintiff can allege ongoing emotional or mental-health treatment for severe emotional distress that has been diagnosed as related to the alleged conduct. *See Waddle v.*

*Sparks,* 331 N.C. 73, 414 S.E.2d 22, 27 (1992).

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) defendant D.C. Justice's Motion to Dismiss is **ALLOWED** in part, and plaintiff's claim for civil conspiracy under Section 1985 is **DISMISSED** with prejudice;

(2) defendant D.C. Justice's Motion to Dismiss is otherwise **DENIED** without prejudice; and

(3) plaintiff is **GRANTED** leave to amend his complaint within 14 days of receipt of this Order by eliminating and reforming claims in a manner not inconsistent with this Order.

This Order is entered in response to defendant D.C. Justice's Motion to Dismiss (# 9).